### VANDERPOEL et al. v. BURKE et al.

(Supreme Court, Special Term, New York County. June, 1909.)

WILLS (§ 634*)—CONSTRUCTION—"VESTED REMAINDER."

When testator gave all his estate to his wife for life, on her death to be divided equally among his children, the children living at the time of testator's death took "vested remainders," under Real Property Law (Laws 1896, p. 564, c. 547) § 30, and Personal Property Law (Laws 1897, p. 507, c. 417) § 2, providing that an estate is vested when there is a person in being who would have an immediate right to possession on the determination of the precedent estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1488; Dec. Dig. § 634.*

For other definitions, see Words and Phrases, vol. 8, pp. 7305–7307, 7828, 7829.]

Action by Mary Van Buren Vanderpoel and others against Charles Russell Burke and others to construe a will. Judgment for plaintiffs.

J. M. Bowers, for plaintiffs.
J. H. Judge, for defendant Benson.
Turner, Rolston & Horan, for defendant Burke.

TRUAX, J. Richard H. Benson died September 29, 1889, leaving a will which was admitted to probate October 24, 1889. His wife, Sarah V. Benson, and his two daughters, Harriet G. Benson and Maria C. Benson, and his son, Robert Benson, survived him, and were his only heirs at law and next of kin. The wife and the two daughters were mentioned by name in the will, which, among other things, provided as follows:

"First. After all my lawful debts are paid and discharged, I give and bequeath all my worldly estate and all property, real, personal and mixed, of which I shall be entitled, in the following manner, to wit: I give, devise and bequeath unto my beloved wife, Sarah V. Benson, all my lands and appurtenances, personal property, and all others which I may be entitled to, including money on hand, also due me from any source or to my credit in banks, as long as she lives. After her death it is to be divided equally between my children."

The testator also gave some specific articles to his respective daughters by name, and appointed his wife executrix, making no residuary

gift other than above stated. The widow qualified as executrix and survived until October 3, 1907, never having accounted as executrix. Meantime both daughters had married and died; Maria C. having married the defendant Charles Russell Burke and having died March 31, 1900, leaving a will whereby all of her property was divided equally between her husband and her mother, and the latter was appointed executrix. The sole question before the court is as to whether the clause above quoted created vested remainders in the testator's children, which did not divest as to the daughters by reason of their respective deaths before the life tenant (the widow). If the remainders were vested, the defendant Burke, as legatee of one-half of his wife's estate, is entitled to one-sixth of the property involved in this action; his wife having been one of the three children of the testator among whom the latter's estate was to be divided equally by the terms of the will.

There is no doubt about the meaning of the will. No trust of any kind is created, no gift over beyond the testator's children is made, no expression of any kind is used to indicate an intention on the part of the testator to postpone the vesting of the shares of his respective children until the death of their mother, no words of contingency are used, nor any words indicating an intention on the part of the testator to constitute a class of his children determinable only at the death of the life tenant, with the right of survivorship as to the entire estate in such of his children as should be living at that time. On the contrary, the testator gives and bequeaths all his property "in the following manner, to wit." Then follows the provision for the legal life estate of his wife, and thereafter for the absolute gift of the remainder equally among his children. There is, thus, in terms, a present gift of the entire estate, divided into the life interest to the wife and an absolute vested remainder in the children. All three of the children were then living, and two of them, among them the wife of the defendant Burke, were mentioned by name in the will.

Section 30 of the real property law (Laws 1896, p. 564, c. 547), which, of course, is also applicable to personal property as per section 2 of the personal property law (Laws 1897, p. 507, c. 417), provides as follows:

"A future estate is either vested or contingent. It is vested when there is a person in being who would have an immediate right to the possession of the property on the determination of all the intermediate or precedent estates. It is contingent while the person to whom or the event on which it is limited to take effect remains uncertain."

Applying the above section to the case at bar, it is obvious that there is no contingency here. From the moment of the testator's death his three children in being have always had the immediate right to the possession of the property on the determination of the precedent estate for life in their mother. The case of Weinstein v. Weber, 178 N. Y. 94, 70 N. E. 115, controls the case at bar. There the testator gave property to his wife, Walli Goetz, for life, "and after her death to be divided in such a manner that two-thirds thereof shall go to her

children and one-third thereof to my children." The court held that the remainders were vested, and, indeed, said:

"We do not see how different conclusions can be reached." "It is clear," said the court, "that the children of Walli Goetz, at the moment of the testator's death, became vested with estates in remainder. Although he used the words 'to be divided' in disposing of Mrs. Goetz's life estate after her death, no special significance is to be given to them. Nothing in the will shows any intention on his part to prevent an immediate vesting. On the contrary, it is manifest that they were intended as words of gift merely, just as, when giving to his children upon his death, in the second clause, he uses the same words."

See, also, Smith v. Van Ostrand, 64 N. Y. 278.

The courts favor the vesting of estates; and this will should be construed as vesting these remainders, unless such construction is wholly inconsistent with the obvious intention of the testator. Byrnes v. Stilwell, 103 N. Y. 453, 9 N. E. 241, 57 Am. Rep. 760; Nelson v. Russell, 135 N. Y. 137, 31 N. E. 1008; Matter of Seebeck, 140 N. Y. 241, 35 N. E. 429; Stokes v. Weston, 142 N. Y. 433, 37 N. E. 515; Miller v. Gilbert, 144 N. Y. 68, 38 N. E. 979. The use of the words "after her death" in connection with the remainders must be regarded as defining the time of enjoyment simply, and not of the vesting of title. Nelson v. Russell, supra. The same words were used in the Weinstein Case, above cited, and the court, nevertheless, held the gifts to be vested so clearly that they did "not see how different conclusions could be reached."

Clark v. Cammann, 160 N. Y. 315, 54 N. E. 709, is not a case in point. It relates to trust estates, and to the effect of gifts over after the gifts to the children, and to the effect of the use of the words of future distribution in the absence of words of present gift. In all these elements the case at bar differs from Clark v. Cammann.

Nor did the provision of the will above quoted make a gift to a class, which class could be determined only upon the death of the life tenant. In Matter of Brown, 154 N. Y. 313, 323, 48 N. E. 537, 539, the court denied a precisely similar contention, laying stress upon the fact that the remaindermen were all in being at the time of the death of the testator, and had an immediate right to possession upon the termination of the life estate, and that no words of survivorship were used in the will. "It is thus apparent," said the court, "that it was in the contemplation of the testator that the remainder should vest in his grandchildren, subject to the life estate or estates created by him; and this, under the statute and rules of construction, would relate back to the time of his death and the vesting would be of that date."

Judgment is ordered for the plaintiff for the relief demanded in the complaint. An interlocutory judgment should be entered appointing a referee to state the account. Settle judgment on notice.

Judgment accordingly.