## Redman, et al. v. Hubbard, et al.

(Decided September 28, 1910).

## Appeal from Larue Circuit Court.

1. Will of John S. Hubbard, Deceased—Provisions.—The will of John S. Hubbard provides: "I direct that my estate shall be divided in two equal parts, * * * one equal half to be held by executor for the use of the family of my son, M. M. Hubbard, including himself, during his life, to be used for the support of himself and family residing with him, and his wife, so long as the children are under age and remain with their parents. But after the death of my son, the share of my estate set apart for the use of his family, is to pass or go to his children or descendants; the descendants of any child to take the share which its parent would have taken if alive at the time. The income from this portion of my estate may be, by my executor, paid to my son if, in the judgment of said executor, said son is leading a sober and temperate life, but if not, then the same is to be from time to time paid to the wife of my said son * * * only the rents, profits and issues are to be paid over by my executor."

2. Estate—How Held—Use of Family—Profits.—Held, that the estate was to be held by the executor for the use of the family, including M. M. Hubbard, during his life, and the profits used for the support of himself and family. The children took a present vested interest in the estate, only the enjoyment of their individual interest was postponed until his death.

3. Intention of Testator—Death of Son—Undisposed Estate—Benefit of Son and Family.—The testator only intended that his estate should be kept together for the use and benefit of his son and family until the children were able to take care of themselves. When his son died, his children, then living, were to come into the use and possession of that part of the estate, undisposed of by them, to which they were entitled. If any of them died

not having disposed of their interest, and leaving descendants or children, then at the death of the son these descendants or children were to take what their parents would have taken if alive.

4. Inheritance of Son—Life Estate—Subject to Debts of Legatee.— Under the will, M. M. Hubbard inherited two-thirds of the estate from his deceased daughters, and therefore no part of the principal of the estate to which Mrs. Redman was or is entitled was paid to him. He has a life estate that can be subjected to the payment of the debt and the court properly directed that the land be rented out until the debt was paid or the death of M. M. Hubbard, if this event took place before the debt was paid.

L. A. FAUREST and JOHN S. KELLY for appellants.

D. H. SMITH and WILLIAMS & HANDLEY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This action was instituted by the appellee Jacob Hubbard, a judgment creditor of M. M. Hubbard, to subject the rent and income of certain lands in which M. M. Hubbard had a life estate under the will of John S. Hubbard. The appellant, Eddie A. Redman, a daughter of M. M. Hubbard, and who owns the remainder of the estate in which M. M. Hubbard has a life estate, resisted the effort to subject the income and rent upon the ground that M. M. Hubbard had wasted or taken possession and disposed of a large part of the principal of the estate, and therefore was not entitled to receive, nor could his creditors subject, any portion of the income or rent until the principal used by him had been restored.

In answer to this and in avoidance of the claim of the remainderman, it is insisted for Jacob Hubbard that although M. M. Hubbard took only a life estate under the will, he subsequently inherited under the law of descent and distribution two-thirds of the remainder from two of his daughters who died intestate, and that the only part of the principal estate used by him was that portion received by inheritance from his deceased daughters. They further set up that in a suit in the Jefferson circuit court it was adjudged that the trustees under the will of John S. Hubbard had properly paid him the amounts received by them, and therefore the question of whether he was entitled to said amounts was res judicata.

The lower court held that M. M. Hubbard took no

interest in the estate by descent from his deceased daughters, but decided that the settlement of the accounts of M. M. Hubbard as trustee in the suit of Stratton v. Hubbard in the Jefferson chancery court, and the orders of that court relative thereto, were conclusive of the question that M. M. Hubbard was entitled to the fund alleged to be a part of the principal estate that was paid to him by the trustee; and accordingly decreed that the land should be rented out to pay the debt due by M. M. Hubbard to Jacob Hubbard.

So much of the will of John S. Hubbard as it is necessary to consider in disposing of this case reads as follows:

"I direct that my estate shall be divided in two equal parts whenever my executor shall deem it proper to do so. The one equal half to be held by my said executor for the use of the family of my son, M. M. Hubbard, including himself, during his life, to be used for the support of himself and family residing with him and his wife so long as the children are under age and remain with their parents. But after the death of my said son the share of my estate set apart for the use of his family is to pass and go to his children or descendants, the descendants of any child to take the share which its parent would have taken if alive at the time. The income from this portion of my estate may be by my executor paid to my son if in the judgment of said executor said son is leading a sober and temperate life; but if not then the same is to be from time to time paid to the wife of my said son and her receipt shall be an acquittance to said executor for the same. Only the rents, profits and issues are to be paid over by said executor. * * *"

At the death of the testator M. M. Hubbard had a wife and three children. Two of these children died in infancy prior to 1900, neither having married; and the wife of M. M. Hubbard died several years before this suit was brought, the only remaining child being the appellant Mrs. Eddie A. Redman who is some 35 years of age.

The estate received by M. M. Hubbard and his family under the will consisted of real property worth some $12,000. This property was sold by a trustee under a power given in the will, and about one-half of the proceeds was paid to M. M. Hubbard by the trustee, and the remainder invested by the trustee in the land, the rent of

which it is sought to subject in this action. If, therefore, M. M. Hubbard inherited two-thirds of the estate from his deceased daughters, he has not received any part of the principal estate to which his daughter Mrs. Redman is or was entitled, and so her defense must fail. It is, therefore, apparent that the first question to be disposed of is, did M. M. Hubbard inherit from his deceased daughters?

It is insisted by counsel for Mrs. Redman that the children of M. M. Hubbard took not a vested estate in the land devised by the will but only a contingent remainder or defeasible fee, depending upon their survivorship of their father M. M. Hubbard, and so he did not take by inheritance from his deceased daughters. In other words, the argument is made that no estate vested in the children until the death of M. M. Hubbard, and that at his death Mrs. Redman, his only child, if living, or if dead, her children, if any survive her, would be entitled to take the whole of the principal of the estate left by the will. In support of this construction, the case of Dohn v. Dohn, 110 Ky. 884, is strongly relied on. In that case the estate was to be held in trust for the purposes designated in the will. In item six it provided that "After the death of my wife, and when my youngest child is twenty-five years of age, my entire estate, real and personal, of every nature and description, shall be divided in equal parts among my children or their heirs. The issue of the child or children dying shall inherit the share of its parent." It was held that the estate devised in item six was conditional upon the survival of the beneficiaries until the time fixed for the distribution; and upon the death of one of them prior to that time, his interest not having vested did not pass to his heirs and distributees. But this construction of the will was rested upon the conclusion that the children did not take any present interest in the estate under the will. This is apparent from the language of the will, and we quote the following extract from the opinion as pertinent to the principle announced:

"If the testator has annexed futurity to the substance of his bounty, and it is of the essence of the gift, then its vesting is suspended; but, if it merely relate to to the enjoyment or payment of it, then it vests in praesenti, unless this be made to depend upon an event which may never happen. The legacy is to be regarded as vested or contingent, according as the time when it

is to take is annexed to the enjoyment of the gift or the gift itself. If there be no substantive gift, and it is only implied from a direction to pay, then the devise is contingent, unless a contrary intention may be collected from the words or context, or the payment be postponed for the convenience of the property or estate or to let in some other interest. In the case at bar we do not think a contrary intention may be collected from the words or context, or that the payment directed was postponed for the convenience of the estate, or to let in some other interest.''

In the case at bar the estate was to be held by the executor for the use of the family, including M. M. Hubbard, during his life, and the profits used for the support of himself and family. The devise was in effect to M. M. Hubbard, his wife and children. The children took a present vested interest in the estate, only the enjoyment of their individual interest being postponed until his death. The interest they took was not postponed, it was only the enjoyment or use of it. The testator only intended that his estate should be kept together for the use and benefit of his son and family until the children were able to take care of themselves. When his son died, his children then living were to come into the use and possession of that part of the estate undisposed of by them to which they were entitled. If any of them died, not having disposed of their interest, and leaving descendants or children, then at the death of the son these descendants or children were to take what their parents would have taken if alive. There is no expression in the will indicating a purpose upon the part of the testator to postpone the vesting of the estate in the children until the death of their father. On the contrary, we think it plain that the direction that the executor was to hold the estate for the use of the family of M. M. Hubbard vested in his children the estate subject to the enjoyment of it by M. M. Hubbard as long as he lived. These children took under the will an estate that they might at any time dispose of subject to the rights of their father, and an estate that would pass by inheritance in the event of the death of any of the children. The essential difference between this case and the Dohn case is that in the Dohn case the children did not, as held in the opinion, take under the will any present interest in the estate. Here they did. It follows from this construction of the will that M. M. Hubbard inherited

two-thirds of the estate from his deceased daughters,
and, therefore, no part of the principal of the estate to
which Mrs. Redman was or is entitled was paid to him.
He has a life interest in the estate that can be subjected
to the payment of the debt, and this is all that the court
did in a judgment directing that the land should be
rented out until the debt was paid or the death of M. M.
Hubbard, if this event took place before the debt was
paid.

It is said, however, that by a judgment of the Larue
circuit court in the case of M. M. Hubbard and Mrs.
Redman v. Jacob Hubbard, the appellee herein, and
others, from which no appeal was prosecuted and which
stands unmodified, it was finally adjudicated that M. M.
Hubbard did not inherit any estate from his deceased
daughters. The chief purpose of the action in the Larue
circuit court was to enjoin the sheriff from selling under
an execution in favor of Jacob Hubbard an undivided
two-thirds interest in the land in Larue county. The
land was sought to be subjected upon the theory that M.
M. Hubbard inherited two-thirds of it from his deceased
daughters. The lower court enjoined the sale of the land
under the execution and also adjudged that M. M. Hub-
bard did not take any part of the principal estate by
inheritance from his deceased daughters. The judgment
in so far as it enjoined the sale of the land was manifest-
ly correct, because in virtually all this land M. M. Hub-
bard only had a life estate with the vested remainder
in his daughter Mrs. Redman, he having received from
the trustee practically all of the estate inherited from
his deceased daughters. But, so much of the judgment
as held that M. M. Hubbard did not take any estate by
inheritance from his deceased daughters cannot in any
event be res judicata of the question here presented,
for the reason that many years before this action was
brought in the Larue circuit court an action was brought
in the Jefferson chancery court to settle the accounts
of the trustee under the will, to which action Mrs. Red-
man was a party. In this action the question was raised
as to whether or not M. M. Hubbard inherited the estate
of his deceased daughters, and it was held by both Chan-
cellors Edwards and Miller that he did; and in accord-
ance with their decision the settlement of the trustee in
which it appeared that M. M. Hubbard had been paid a
large part of the estate that came to him by inheritance
from his deceased daughters was confirmed. We are,

therefore, of the opinion that the judgment of the Larue circuit court in so far as it conflicted with the judgment of the Jefferson chancery court previously rendered, and which has never been modified, was a nullity. The judgment of the Jefferson chancery court was and is binding upon the parties to this action, and as it was there correctly determined that M. M. Hubbard inherited two-thirds of the estate from his deceased daughters, it is manifest that the Larue circuit court had no power in a subsequent action to modify or annul the judgment of the Jefferson chancery court. It may be well to add that we do not determine on this appeal whether or not M. M. Hubbard is entitled as heir of his deceased daughters to any part of the land in Larue county. He may or not have an interest as such heir in a part of this land, this depending upon how much of the principal he received from the estate devised.

Wherefore, the judgment appealed from is affirmed.