[Civ. No. 874.   Third Appellate District.—November 18, 1911.]

## M. OLIVE HALL et al., Respondents, v. S. B. WRIGHT, Appellant.

DEED TO MOTHER FOR LIFE—REMAINDER TO HEIRS OF HER BODY—LIVING CHILDREN DURING LIFE ESTATE WITHOUT TITLE—SPECIFIC PERFORMANCE—DEED INEFFECTIVE.—Where a deed is made to a mother for life "and then to the heirs of her body begotten forever," the title to the remainder after the expiration of her life estate vests only in such heirs of her body as may be surviving at her death; and living children joined with her in an action for specific performance of a contract to convey real estate, or represented by her, have no title that can be conveyed to the defendant in such action, nor can the mother, during her life, be vested with any title of deceased children, as such deceased children have no title to which she could succeed or which she can convey, and she can only convey her life estate.

ID.—NATURE OF REMAINDER—TITLE BY PURCHASE—CONTINGENT FUTURE INTEREST.—When property in this state is so conveyed to a mother for life, with remainder to the heirs of her body, the heirs living at the time of her death take the remainder by purchase, and not by inheritance from the mother. Such remainder is a contingent interest, future in character, and the person or persons to whom it is to come and the time of the happening of the event upon which it is limited to take effect were both uncertain at the time of its creation.

ID.—CONTINUOUS UNCERTAINTIES—TIME OF VESTING OF CONTINGENT REMAINDER.—Since the uncertainties at the time of the creation of the

contingent remainder continue to exist until the death of the life tenant, it could not vest until her death, because she could have no "heirs of her body" prior to her decease; and in the interval all of her children may die, and the entire estate might vest wholly in her unborn grandchildren.

ID.—INTERESTS OF UNBORN GRANDCHILDREN NOT VOID AS IMPROBABLE OR MERELY POSSIBLE.—The interests of unborn grandchildren in the contingent remainder are not void, because of the improbability of the contingency on which they are limited to take effect; nor can such interests be regarded as mere possibilities, such as the expectancy of an heir apparent, as they do not depend upon the law of succession to determine whether or not they will take effect, and they cannot be defeated by the testamentary or other act of the ancestor.

ID.—CONSTRUCTION OF CIVIL CODE—VESTING OF FUTURE ESTATES.—Section 694 of the Civil Code, as to the vesting of a future interest "in a living person," has no application to the vesting of a future contingent remainder in heirs which must be living at the death of a life tenant and which may vest in unborn grandchildren then living, under sections 779 and 780 of the same code.

ID.—DISTINCTION BETWEEN VESTED AND CONTINGENT REMAINDERS.—When the preceding estate is limited so as to determine on an event which must certainly happen, and the remainder is so limited to a person *in esse* and ascertained that the preceding estate may by any means determine before the expiration of the estate limited in remainder, such remainder is vested. But when the preceding estate is limited so as to determine only on an event which is uncertain and may never happen, or is limited to a person not *in esse,* or not ascertained, or is limited so as to require the concurrence of some dubious, uncertain event, independent of the determination of the preceding estate limited in remainder, to give it a capacity of taking effect, then the remainder is contingent.

APPEAL from a judgment of the Superior Court of Sonoma County. Emmett Seawell, Judge.

The facts are stated in the opinion of the court.

F. A. Cromwell, for Appellant.

T. J. Butts, for Respondents.

BURNETT, J.—The action is for specific performance of a written contract for the purchase of a tract of land in Sonoma county. The facts are not disputed and the only question of

law presented is, as agreed by counsel, "whether or not the plaintiffs have a present title in fee in the lands involved which they can convey by deed to the defendant." It is stipulated that on the twentieth day of April, 1883, W. S. M. Wright was the owner in fee of the premises, and on that day he executed a deed thereof to Mrs. M. O. Hall "for the natural life of the said party of the second part, and then to the heirs of her body begotten forever." On said date Mrs. Hall had five living children, two of whom have since died and two other children have since been born. The interests, if any, of the deceased children have been distributed to Mrs. Hall, and she and all the living children have joined in the deed which has been tendered to appellant. One of the said children is a minor, and Mrs. Hall has been appointed the guardian of his person and estate, and by an order of the superior court she has been authorized and directed to sell the minor's interest in the property.

Appellant states his case substantially as follows: Section 779 of the Civil Code provides: "When a remainder is limited to the heirs of the body of a person to whom a life estate in the same property is given, the persons, who, on the termination of the life estate, are the successors or heirs of the body of the owner for life, are entitled to take by virtue of the remainder so limited to them and not as mere successors of the owner for life." In other words, the remaindermen take, so it is asserted, as purchasers under the deed and not as heirs of the life tenant. Section 780 of the same code is: "When a remainder in an estate for life or for years is not limited on a contingency defeating or avoiding such precedent estate, it is to be deemed intended to take effect only on the death of the first taker, or the expiration, by lapse of time, of such term of years." It is contended, therefore, that since the life estate vested by the deed in Mrs. Hall was not to be defeated or avoided by any contingency, by the operation of the above section it follows that the estates of the remaindermen are not to be deemed to take effect until the death of Mrs. Hall. There are no words in the grant that preclude the application of the said provision of the code. Hence no "heirs of the body" of Mrs. Hall have any vested interest in the land. The two deceased children had no interest, and therefore Mrs. Hall took no interest from them.

They who take the remainder in fee will be those who are the "heirs of the body" of Mrs. Hall at the time of her death. It would follow that if one of the children of Mrs. Hall should die prior to the latter's death, leaving a child, such child would take an interest in fee as a remainderman, although the parent of such child in his lifetime and the lifetime of Mrs. Hall had attempted to convey his interest. If all of the children of Mrs. Hall and all their issue were dead at the time of the termination of the life estate, the remainder would revert, under the deed, to W. S. M. Wright, but since he has died, it would vest in his heirs or devisees. The conclusion is that the children of Mrs. Hall have no present interest in the lands; hence their deed conveys nothing and the deed of M. O. Hall can convey only her life estate.

On the other hand, respondents cite section 690 of the Civil Code, providing that "A future interest entitles the owner to the possession of the property only at a future period," and section 694 of the same code, to the effect that "A future interest is vested when there is a person in being who would have a right defeasible or indefeasible to the immediate possession of the property upon the ceasing of the intermediate or precedent estate," and contends "That under these two sections the interest which the heirs of M. O. Hall would take in the property would be a vested future interest, because at the time said deed was made there were persons in being who would have the right indefeasible to immediate possession of the property upon the ceasing of the life estate of said M. O. Hall." It is also declared that the general rule is that "in the absence of the contrary intention, a remainder limited to a class vests in such of the objects as are *in esse* and answer the description at the death of the testator if they take by will, or upon the execution of the deed, if they take by deed; subject to open and let in any that may be afterward born before the determination of the particular estate." A large number of cases is cited in support of the foregoing rule.

It is also claimed that the word "heirs," as used in the deed, should be construed to mean "children," for the reason that, under this construction alone is it possible to give effect

to the whole of the deed. For the general rule is that a conveyance to the "heirs" of a living person is void for uncertainty, as before his death it cannot be ascertained who will be his heirs, but if the grantor means "children" when he uses the word "heirs," the uncertainty is avoided. Under the foregoing view it is claimed that the whole of the fee is vested, since the age of the life tenant, as stipulated by the parties, precludes the possibility of the birth of another heir.

The case, however, of *County of Los Angeles* v. *Winans,* 13 Cal. App. 234, [109 Pac. 640], not cited by either party, is directly in point, and seems altogether decisive of the controversy. In the opinion in that case the subject involved herein received very careful consideration, and it was held, as stated in the syllabus, substantially in the language of the court, that "When property in this state is conveyed to a mother for life, with remainder to the heirs of her body, those interested in the remainder take by purchase and not by inheritance. Such remainder is a contingent interest, future in character, and the person to whom and the time of the happening of the event upon which it is limited to take effect were both uncertain at the time of its creation. Since the uncertainties at the time of the creation of the contingent remainder continue to exist until the death of the life tenant, it did not and could not vest until her death, because she could have no 'heirs of the body' prior to her decease. In the interval all her children may die, and the entire estate might vest wholly in her unborn grandchildren. The interests of unborn grandchildren in the contingent remainder are not void because of the impossibility of the contingency on which they are limited to take effect; nor can such interests be regarded as mere possibilities, such as the expectancy of an heir apparent, as they do not depend upon the law of succession to determine whether or not they will take effect, and they cannot be defeated by the testamentary or other act of the ancestor. Section 694 of the Civil Code relating to a vested future interest 'in a living person' has no application to a future contingent remainder in unborn grandchildren." In discussing this section of the code, the court said that it was in effect the enactment into a statute of the rule laid down in Fearne on Contingent Remainders and Executory

Devises, Butler's sixth edition, page 216, and should be read in connection with the language of Fearne which immediately follows it, to wit: "In short, upon a careful attention to this subject we shall find, that wherever the preceding estate is limited, so as to determine on an event which must certainly happen; and the remainder is so limited to a person *in esse,* and ascertained, that the preceding estate may, by any means, determine before the expiration of the estate limited in remainder, such remainder is vested. On the contrary, wherever the preceding estate is limited so as to determine only on an event which is uncertain, and may never happen; or wherever the remainder is limited to a person not *in esse* or not ascertained; or whenever it is limited so as to require the concurrence of some dubious, uncertain event, independent of the determination of the preceding estate and duration of the estate limited in remainder, to give it a capacity of taking effect, then the remainder is contingent." The views of the court in the said Los Angeles case, in which a rehearing was denied by the supreme court, are entirely in accord with the contentions of appellant here.

It seems impossible to make any distinction between the deed in that case and the one to be construed by us. By placing in juxtaposition the expressions limiting the estates, we can see that they are almost identical, and must receive the same interpretation. In the former, the deed conveyed the lands to Mrs. Emma Means "for and during the term of her natural life and upon her death to the heirs of her body." Here the limitation is "for the natural life of the said party of the second part and then to the heirs of her body begotten forever." If in the one case the "heirs of the body" take a future contingent, and not a vested, interest, so it must be in the other case. It cannot be doubted that this view gives effect to the ordinary signification of the terms employed and harmonizes the apparently conflicting sections, 694 and 780, of the Civil Code. It may be remarked that the word "then" clearly refers to the time of the expiration of the life estate. The language would be exactly equivalent if it were "for the natural life of the said party of the second part and 'afterward' to the heirs of her body begotten forever."

The attention of the learned trial judge was probably not called to the aforesaid decision.   At any rate, it is controlling, and the judgment is reversed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 18, 1912.