[Civ. No. 2270.   Third Appellate District.—October 7, 1921.]

CHARLES ELMER MILLER, Appellant, v. J. E. OLIVER, as Administrator, etc., et al., Respondents.

[1] ESTATES — REMAINDERS — CONSTRUCTION. — Where the question is doubtful, estates in remainder are to be construed as vested rather than contingent.

[2] ID.—DEVISE OF LIFE ESTATE TO WIDOW—REMAINDER TO CHILDREN —VESTED ESTATE—DEATH OF CHILD.—Where a testator devises his property to his surviving wife for and during the term of her natural life and upon her death the remainder to his son and daughter, said remainder to be held by said son and daughter from the time of the death of their mother as tenants in common, in equal proportions forever, such remainder is a vested and not a contingent remainder; and where the daughter dies before her mother, her interest in the remainder vests in her heirs, subject to administration, and does not lapse.

[3] QUIETING TITLE—ACTION BY HEIR BEFORE DISTRIBUTION.—The administrator's title and possession of real property is not adverse to the heir, but the latter, subject to said right of the administrator, can maintain an action to quiet his title and recover possession as against anyone but the administrator even while the estate remains undistributed.

APPEAL from a judgment of the Superior Court of San Joaquin County. D. M. Young, Judge. Reversed in part; affirmed in part.

The facts are stated in the opinion of the court.

2.  Character of remainder given by will as affected by a direction that children, etc., of a deceased remainderman shall take their parents' share, notes, 2 **Ann. Cas.** 645; Ann. Cas. 1917B, 1245; 37 **L. R. A. (N. S.)** 728.

A. H. Carpenter for Appellant.

Louttit & Stewart and S. K. King for Respondents.

BURNETT, J.—The action was to quiet title, and the court below sustained a general demurrer to the complaint, interposed by J. E. Oliver, as administrator, etc., and dismissed the action as to all the defendants. From this judgment of dismissal the plaintiff appeals.

The allegations of the complaint are substantially as follows: That on the twenty-seventh day of March, 1892, Charles Sperry was the owner of the real property involved, and on or about that date died testate; that thereafter his will was admitted to probate, and thereafter, after proper notice given and proceedings had, a decree of distribution in the matter of the estate of said Charles Sperry, deceased, was entered, under and by virtue of the terms of which it was provided "that there be and hereby is distributed to the said Lydia J. Sperry, for and during the natural term of her life, and upon her death the remainder to Frank Sperry and Harriet A. Miller, *nee* Sperry, forever, said remainder to be held by said Frank Sperry and Harriet A. Miller from the time of the death of the said Lydia J. Sperry, as tenants in common, in equal proportions forever, of in and to all of the following described property, to wit": (Here follows description.)

That Lydia J. Sperry, the surviving widow of Charles Sperry, is now living, occupying, and using the real property.

That Harriet A. Miller, prior to the twelfth day of July, 1917, intermarried with J. E. Oliver.

That said Harriet A. Oliver died on or about the twelfth day of July, 1917, and thereafter, and after proceedings had, J. E. Oliver was appointed the administrator of her estate.

That on the first day of July, 1918, T. F. Emerson was appointed the administrator with the will annexed of the estate of Charles Sperry, deceased; "and that as such administrator he claims that upon the death of the said Harriet A. Oliver during the existence of said life estate and before the termination as aforesaid, her contingent remainder in said real property, constituting an undivided

half thereof, reverted to the said estate of Charles Sperry, deceased.''

That Frank A. Sperry is the son of the said Charles Sperry, deceased, and the person designated in said decree of distribution as entitled to take the remaining undivided half of said real property and premises upon the death of his mother and the termination of her said life estate therein, and that he and the plaintiff herein are the sole heirs of the said Charles Sperry, deceased.

That the plaintiff is the grandson of the said Charles Sperry, deceased, and the sole and only child of the said Harriet A. Oliver, deceased, who was begotten by her and a former husband, and the nephew of the said Frank A. Sperry, and the only person entitled to take and receive his mother's said contingent remainder in all the said real property hereinafter described upon the termination of his said grandmother's life estate therein.

"That the said defendant J. E. Oliver as the administrator of the estate of Harriet A. Oliver, deceased, claims that he as such administrator of her estate and as her surviving husband is entitled to have said undivided one-half of all said real property and premises set off and distributed to him in the matter of the said estate of Harriet A. Oliver, deceased.

"That the said claims of the said defendant, J. E. Oliver are without merit, invalid and void.

"That the said defendants J. E. Oliver and T. F. Emerson, as the administrators of their several respective estates have not, nor has either of them, any interest or estate in or to said real property, or any part or portion thereof."

It is also stated in the complaint by way of conclusion that: "The remainder to be taken under the said decree of distribution after the expiration of said life estate by the said Harriet A. Oliver, was a contingent one, and was not to take effect until the termination of the life estate of Lydia J. Sperry, and that no title ever vested in said Harriet A. Oliver, and upon her death an undivided one-half of the property vested in the plaintiff subject to the life estate of said Lydia J. Sperry."

Instead of simply alleging the ultimate fact of ownership, as is usual in actions of this character, the plaintiff has set out his asserted chain of title, and we are, therefore,

54 Cal. App.—32

called upon to determine from this exhibit what interest, if any, the plaintiff has in and to said property. It is admitted that the interest devised and distributed to said Harriet A. Miller is what is known as a "remainder" (sec. 769, Civ. Code), and the main discussion is over the question whether it is a *vested* or a *contingent* interest, appellant contending for the latter and respondent for the former view. If it was a contingent interest, it would lapse on the death of said Harriet A. Miller, and appellant claims that thereby it would become a vested interest in him as the sole heir of his mother. Respondent's position is that, being a vested interest it was subject to administration and succession, and that as administrator of his wife's estate he is entitled to the possession of the property for purposes of administration and that any claim of appellant to said property must be determined in the probate court.

[1] If the question be doubtful, the rule is to construe the estate as vested rather than contingent. However, under the decisions in this state it can hardly be said that there is any serious doubt as to the character of the estate that was created by said language. The case, indeed, is governed by the decision of this court in the case of *In re De Vries,* 17 Cal. App. 190 [119 Pac. 109], wherein similar language was construed as creating a vested estate. Therein the subject was exhaustively considered with a comprehensive review of the authorities, and it is hardly necessary to do more than refer to said decision as an authority for the conclusion of the lower court herein.

[2] In that case the language of a will was involved and the particular estate was devised to the wife of the testator "for her natural life, the remainder thereof to my sons hereinafter named in proportions for the time and upon the conditions hereinafter expressed." The corresponding language of the decree of distribution here is: "There is hereby distributed to the said Lydia J. Sperry for and during the natural term of her life, and upon her death the remainder to the said Frank A. Sperry and Harriet A. Miller." The only substantial difference is that in the latter is found the phrase, "and upon her death." But in the fourth clause of the De Vries will the testator used this language: "*Upon the termination* of the life estate hereby created in my wife, Mary Jane De Vries, I give and

devise unto my son," etc. "Upon the termination of the life estate" is, of course, exactly equivalent to the expression, "upon her death." While there is a slight difference in the structure of the sentences in the two cases, yet the language is properly construed as conveying the same import. It is shown in the De Vries decision that the phrase, "upon the termination of the life estate" refers to the time of enjoyment of the remainder and not to the time when the estate becomes vested. The reasoning of the De Vries decision and the authorities therein cited are strictly applicable to the situation herein. We may recall that in said decision it was held that a consideration alone of said fourth clause of the will would lead to the conclusion that a vested remainder was created, it being said: "Where, as here, words of devise refer to the present or are in the present tense, the words, 'upon the termination of the life estate' or 'after' such termination, relate to the time of the possession or actual enjoyment of the interest so devised, and not to the time at which such interest shall vest or become in the donee a fixed right."

In the will in this case, also, there was a present devise of the remainder as well as of the particular estate, the language being: "I do hereby give and bequeath and deliver," etc. The decree following the will used, too, the present tense, "is distributed," etc.

In aid of this construction may be invoked, also, the presumption that the testator intended to devise the whole of the estate in said property. If it had been his purpose to create merely a contingent estate he would quite naturally have made provision to prevent intestacy in case of the death of the remainderman prior to that of the life tenant.

Many authorities could be added to those cited in the De Vries decision, *supra*, but we content ourselves with a reference to 23 R. C. L., p. 500 et seq. for an instructive discussion of the "distinguishing characteristics of vested and contingent remainders" and to the opinion of the learned chief justice in the case of *In re Estate of Ritzman,* 186 Cal. 567 [199 Pac. 783], and to *Redman* v. *Hubbard,* 140 Ky. 71 [130 S. W. 955], and an exhaustive note thereto in 37 L. R. A. (N. S.) 728.

If it be true, as stated in the Ruling Case Law, that "a remainder is vested if, so long as it lasts, the only obstacle

to the right of immediate possession by the remainderman is the existence of the preceding estates; or, again, a remainder is vested if it is subject to no condition precedent save the determination of the precedent estates,'' then it cannot be doubted that the estate created herein was a vested interest. Indeed, this rule is embodied in section 694 of the Civil Code, and since at the time of the death of Charles Sperry and the distribution of his estate Harriet A. Miller was in being and would have a right to the immediate possession of the property ''upon the ceasing of the intermediate or precedent interest,'' namely, the life estate of Lydia Sperry, the remainder immediately vested.

It may be added, that this presumption or inference is strengthened by a consideration of the language ''said remainder to be held by said Frank Sperry and Harriet A. Miller from the time of the death of said Lydia J. Sperry, as tenants in common,'' etc. The primary significance of the word ''hold,'' as it relates to real property, is to *enjoy* and *possess.* (*Cooke* v. *Doron,* 215 Pa. St. 393 [7 Ann. Cas. 505, 7 L. R. A. (N. S.) 659, 64 Atl. 595].) If thus construed, the enjoyment or possession being expressly postponed to the death of the first taker, the implication would arise that there was no such intention as to the vesting of the title.

The authorities cited by appellant are dissimilar to this case in their facts and are not controlling herein.

*Barnett* v. *Barnett,* 104 Cal. 298 [37 Pac. 1049], involved the interpretation of a deed containing this language: ''Give, grant, alien and confirm unto the party of the second part and to his heirs all those certain lots . . . to have and to hold, all and singular, the said premises . . . unto the said party of the second part, for and during his natural life, and to the issue and heirs of the body of the said party of the second part.'' The contention of the immediate grantee was that thereby was conveyed to him the fee but the supreme court rightly held that taking into consideration the whole of the instrument, it was the intention of the grantor ''that the *habendum* should operate as a proviso or limitation to the granting clause, and control it to the extent of limiting the estate conveyed to the plaintiff to a life estate, with a remainder to the issue and heirs of his body.'' It is true the court said no present estate

would pass to the "heirs." That necessarily followed from the consideration that at the time of the creation of the estate there was no ascertained person in whom the right to the enjoyment of the remainder could vest. (*Estate of Washburn,* 11 Cal. App. 735 [106 Pac. 415].)

In *Hall* v. *Wright,* 17 Cal. App. 502 [120 Pac. 429], a similar deed was involved, and it was held that the remainder was a contingent interest, the person or persons in whom it was to vest being uncertain and not ascertainable until the death of the first taker. Herein the conveyance of the remainder was not to the "heirs" of Lydia J. Sperry, as in the above citations, but to two designated persons who were then in being and capable of taking the interest immediately upon the death of the life tenant.

*Gray* v. *Union Trust Co.,* 171 Cal. 637 [154 Pac. 306], involved the question whether a conveyance in trust created a dry naked trust which was terminable upon the option of the trustor, and it was held that since there was no power of revocation reserved by the trustor in the instrument creating the trust, a court of equity would not, in the absence of the beneficiaries, decree a termination of the trust. It is well to note, however, that after declaring that it was immaterial whether the remainders thereby created were vested or contingent, the court said: "But in truth these remainders are to be regarded as vested remainders, subject to divestiture only upon the exercise of the power of nomination by will reserved to the trustors." It is to be observed that the remaindermen were not named in the declaration of trust but they were designated as "her heirs at law" subject to be displaced by nomination in the will of the trustor.

The supreme court approved and followed the decision of the New York court in *Crackanthorpe* v. *Sickles,* 156 App. Div. 753 [141 N. Y. Supp. 370], wherein the plaintiff, an unmarried woman, conveyed property to a trustee to invest and manage and pay the net income thereof to her during her life, and at her death to distribute it to such persons as she might designate by her will, or should she die intestate, then to divide the property among her lawful issue which she might leave surviving. Therein it was said: "It is a well-established rule, both of the common law and by statute, in this state that estates in remainder which

are limited to take effect upon default in the exercise of a power of appointment are not prevented from vesting by the existence of the power, but take effect in the same manner as if no power existed, subject, however, to be divested by an exercise of the power.''

It might well be doubted whether either of said courts was right in saying that there was a *vested* remainder, since the designation of ''heirs at law'' does not indicate definitely a person in being at the time of the creation of the estate. At any rate, the Gray case affords no comfort to appellant.

In *Shirran* v. *Dallas*, 21 Cal. App. 405 [132 Pac. 454, 462], the provisions of a deed to the grantee named therein for and during her natural life with the reversion at her death to the grantor, or to his heirs or devisees, were involved. Prior to the death of the life tenant, the grantor died intestate, leaving sons and daughters as his heirs. It was properly held by this court that at the time of the death of the grantor the interests of the heirs became vested remainders, although before that time they were contingent remainders. When the grantor died, the parties were *in esse* who had the right ''to the immediate possession of the property upon the ceasing of the intermediate estate.'' (Sec. 694, Civ. Code.) But such condition did not exist until the death of the grantor. But here, as we have seen, the remaindermen were *in esse* at the time of, and they were designated in the decree of, distribution.

Also, in the Washburn case, *supra*, the devise was to a class, the members of which were to be living at the time of the death of the life tenant, a situation entirely different from this.

In *Thomson* v. *Ludington*, 104 Mass. 193, the remainder was devised ''to such of my children as shall then be living'' at the death or marriage of the widow of the testator. Necessarily this was a contingent remainder, since the remainderman continued uncertain till the death or marriage of the widow.

In *Compton* v. *Rixey's Exrs.*, 124 Va. 548 [5 A. L. R. 465, 98 S. E. 651], also, the testator designated his children as the remaindermen ''to take upon the death or remarriage of his wife.'' It was properly held to be a contingent remainder as ''no one can tell, until the happening of the

event which is to terminate the wife's life estate, which of the children answer the description of being 'then living.' ''

Appellant declares that the estate in remainder would not vest until the death of the life tenant by reason of the rule prescribed in section 780 of the Civil Code as follows: ''When a remainder on an estate for life or for years is not limited on a contingency defeating or avoiding such precedent estate, it is to be deemed intended to take effect only on the death of the first taker, or the expiration, by lapse of time, of such term of years.''

If said section is to be construed as claimed by appellant it would manifestly have the effect of nullifying section 694 of the same code providing: ''A future interest is vested when there is a person in being who would have a right,· defeasible or indefeasible to the immediate possession of the property, upon the ceasing of the intermediate or precedent interest.'' However, the phrase, ''to take effect,'' as used in said section 780 means to become operative or executed; it implies not only a vested interest in the property, but an existing right of enjoyment. Manifestly, in that sense the remainder would not ''take effect'' until the death of the life tenant.

While we do not find any decision construing said section 780, it is clear that appellant's contention cannot be reconciled with the numerous decisions in this state relating to vested remainders or with the decisions in New York in which state section 238 of the Field draft of the Civil Code (sec. 55 of Real Property Law [Consol. Laws, c. 50]) contains the same language as said section 780.

Indeed, as directly supporting respondents' position that the estate of Harriet A. Miller was a vested estate and not a contingent remainder, we may cite the following New York decisions: *Byrnes* v. *Stilwell*, 103 N. Y. 453 [57 Am. Rep. 760, 9 N. E. 241]; *Nelson* v. *Russell*, 135 N. Y. 137 [31 N. E. 1008]; *Matter of Seebeck*, 140 N. Y. 241 [35 N. E. 429]; *Stokes* v. *Weston*, 142 N. Y. 433 [37 N. E. 515]; *Miller* v. *Gilbert*, 144 N. Y. 68 [38 N. E. 979]; *Vanderpoel* v. *Burke*, 63 Misc. Rep. 545 [118 N. Y. Supp. 548].

It is sufficient to quote from the last of these the following: ''When the testator gave all his estate to his wife for life, on her death to be divided among his children, the

children living at the time of the testator's death took 'vested remainders.' '' It was further held therein that the use of the words, ''after her death,'' in connection with the remainders, ''must be regarded as defining the time of enjoyment simply, and not of the vesting of title.''

If the said Harriet A. Miller at the time of her death owned an interest in said property, the title thereto immediately vested in her heirs subject, of course, to the right of the administrator to possession of it for purposes of administration. (*Estate of Woodworth*, 31 Cal. 595.)

[3] The administrator's title and possession is not adverse to the heir, but the latter subject to said right of the administrator can maintain an action to quiet his title and recover possession as against anyone but the administrator even while the estate remains undistributed. (*Spotts* v. *Hanley*, 85 Cal. 155 [24 Pac. 738].)

The object of an action to quiet title is to finally settle and determine as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled thereto. (*Peterson* v. *Gibbs*, 147 Cal. 1 [109 Am. St. Rep. 107, 81 Pac. 121].)

Plaintiff, however, claims as heir of his mother and he cannot therefore maintain this action against her administrator. Section 1452 of the Code of Civil Procedure provides: ''The heirs or devisees may themselves, or jointly with the executor or administrator, maintain an action for the possession of the real estate, or for the purpose of quieting title to the same, against anyone *except the executor or administrator.*''

We conclude that the trial court was right in sustaining the demurrer of J. E. Oliver, as administrator, to the complaint. The court, however, dismissed the action as to all the defendants. It is not claimed in the complaint that said Frank Sperry claimed any interest adverse to plaintiff. Hence it was proper to dismiss the action as to him, but a cause of action was stated against T. F. Emerson as administrator of the estate of Charles Sperry, deceased. Plaintiff was entitled, therefore, to have the controversy between him and said administrator adjudicated.

The judgment is reversed as to Emerson, as administrator, and affirmed as to Frank Sperry and J. E. Oliver, as administrator of the estate of Harriet A. Oliver, deceased.

Hart, J., and Finch, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 5, 1921.

All the Justices concurred.

Lawlor, J., was absent, and Richards, J., *pro tem.*, was acting.