[Civ. No. 2271.   Third Appellate District.—October 7, 1921.]

CHARLES ELMER MILLER, Plaintiff and Respondent, v. J. E. OLIVER, as Administrator, etc., et al., Defendants and Respondents; T. F. EMERSON, as Administrator, etc., Defendant and Appellant.

[1] QUIETING TITLE — PLEADING CHAIN OF TITLE — ADMISSION OF FACTS—DENIAL OF OWNERSHIP—DISMISSAL OF ACTION—WANT OF INJURY.—In an action to quiet title to plaintiff's interest in a vested remainder, if the answer of the defendant admits the facts alleged in the complaint, which show as a matter of law that plaintiff has a vested interest in the property, his denial of the conclusion of law that plaintiff is the owner of such interest presents no issue of fact, and he is not aggrieved by a judgment of dismissal.

APPEAL from a judgment of the Superior Court of San Joaquin County.   D. M. Young, Judge.   Appeal dismissed.

The facts are stated in the opinion of the court.

S. K. King for Defendant and Appellant.

Louttit & Stewart for Defendants and Respondents.

A. H. Carpenter for Plaintiff and Respondent.

George F. McNoble and W. Goodwin Williams as *Amici Curiae.*

BURNETT, J.—This is an appeal by T. F. Emerson, as administrator of the estate of Charles Sperry, deceased, from a judgment dismissing said action. The facts are sufficiently set forth in the opinion filed herewith in the same cause (*ante,* p. 495 [202 Pac. 168]) on the appeal of plaintiff. Defendant Emerson claims that his answer presented an issue of fact that should be tried.

His answer was as follows: "Now comes T. F. Emerson, as administrator with the will annexed of the estate of Charles Sperry, deceased, and answering the plaintiff's complaint on file herein, admits, alleges and denies as follows, viz.: Admits all the allegations in the said complaint contained, save and except that he denies that upon the death of the said Harriet A. Oliver an undivided half of the said property in controversy vested in the plaintiff herein; and in that behalf alleges that such undivided half reverted to and became a part of the estate of the said Charles Sperry, deceased, subject only to the life estate of the surviving widow of the said Charles Sperry, deceased; and save and except also the several respective claims to said property of the plaintiff and the defendant J. E. Oliver as administrator of the estate of the said Harriet A. Oliver, deceased."

[1] Appellant's denial is the denial of a conclusion of law, since he admits the facts alleged in the complaint, which show as a matter of law that plaintiff has a vested interest in the property. His claim that said undivided half became a part of the estate of Charles Sperry, deceased, is based upon his conclusion from the facts, that a contingent and not a vested remainder was distributed to the said Harriet A. Oliver.

Taking the complaint and answer, therefore, it appears that said Emerson as administrator has no interest whatever in the property and hence he has not been aggrieved by the judgment of dismissal. However, as upon plaintiff's appeal we have reversed the judgment as to Emerson, the latter may have an opportunity to amend his answer so

as to tender, if possible, some material issue of fact if he is so advised.

The appeal of Emerson is dismissed.

Hart, J., and Finch, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 5, 1921.

All the Justices concurred.

Lawlor, J., was absent, and Richards, J., *pro tem.*, was acting.