[S. F. No. 13429. In Bank.—January 30, 1931.]

In the Matter of the Application of HELEN WILSON SHOEMAKE et al. to Terminate a Life Estate. HELEN WILSON SHOEMAKE et al., Appellants, v. FRANK M. LANE et al., Respondents.

Hawkins & Hawkins and Charles A. Reynolds for Appellants.

Harris & Hayhurst and Frank H. Marvin for Respondents.

THE COURT.—This is an appeal from a judgment of the Superior Court of Fresno County denying the claim of appellants to undivided interests in certain real property. The land was originally owned by B. B. Barnett. On March 14, 1890, he executed a deed of it to his son, F. Joseph Barnett. The instrument recites that "the said party of the first part . . . doth by these presents, give, grant, alien and confirm unto the said party of the second part, and to his heirs, all those certain lots . . . " Following is a description of the property and then the *habendum* clause: "To have and to hold all and singular the said

premises, together with the appurtenances, unto the said party of the second part, for and during his natural life, and to the issue and heirs of the body of the said party of the second part.'' At the time of the execution and delivery of this deed, the grantee had a daughter living, Lela Barnett. The grantor died April 17, 1891. Thereafter the grantee, F. Joseph Barnett, brought an action against his daughter, his brothers and his sisters, claiming title to the property in fee simple. It was eventually held that the deed gave him only a life estate. (*Barnett* v. *Barnett,* 104 Cal. 298 [27 Pac. 1049].) It necessarily follows from this decision that the daughter had an estate in remainder.

Lela Barnett never married, and died on March 11, 1909. F. Joseph Barnett never had any other issue. He died March 29, 1928.

The appellants are the successors in interest of Lela Barnett. The respondents are the legal representatives of B. B. Barnett, the original grantor, his heirs, and successors in interest of his heirs. A single question is presented on this appeal. It is agreed by all parties that under the decision in *Barnett* v. *Barnett, supra,* Lela Barnett had an estate in remainder, but the disagreement is as to whether it was vested or contingent. If it vested in her immediately upon the execution and delivery of the deed, then she had at all times an alienable interest, and one that would descend to her heirs. If it was contingent upon the death of her father, the holder of the life estate, then she never received any estate, since she predeceased her father. The claims of appellants, of course, are based upon the theory that the remainder was vested in Lela Barnett upon its creation.

The language which must be interpreted is in the granting and *habendum* clauses of the deed. The granting clause clearly refers ''to his heirs''. The *habendum* refers ''to the issue and heirs of the body'' of the grantee. If this last clause had used only the word ''issue'' there could be no doubt that under it, Lela Barnett, as the daughter of the grantee would have acquired a vested remainder. (See Cal. Civ. Code, sec. 694; *In re De Vries,* 17 Cal. App. 184 [119 Pac. 109]; *Miller* v. *Oliver,* 54 Cal. App. 495 [202 Pac. 168]; *Estate of Bakesto,* 71 Cal. App. 409 [235 Pac. 670]; 23

R. C. L. 533, sec. 77.) And if it contained only the words "heirs of the body", it is equally clear that she would not have acquired a vested remainder, but would have had a contingent interest only, subject to her surviving the holder of the life estate and becoming his heir. (*County of Los Angeles* v. *Winans,* 13 Cal. App. 234 [109 Pac. 640]; *Hall* v. *Wright,* 17 Cal. App. 502 [120 Pac. 429].) The terms, used separately, have each a different legal effect, and it becomes our task to determine what can be their effect when coupled together in this manner. The question is, of course, as to the grantor's intention, which must be ascertained from an examination of the entire instrument, in the light of certain established rules of construction.

There are two chief grounds upon which it is contended that the remainder vested in Lela Barnett at the time of the execution of the deed. One is that she was clearly embraced within the meaning of the term "issue" and, irrespective of other provisions in the instrument, took a vested remainder by virtue of that language. This is reinforced by the other proposition, that wherever possible, a remainder will be construed to be vested rather than contingent. (*In re De Vries,* 17 Cal. App. 184 [119 Pac. 109]; *Estate of Washburn,* 11 Cal. App. 735 [106 Pac. 415]; 1 Tiffany on Real Property, 577; 3 Thompson on Real Property, 206.)

On the other hand it is just as clear that Lela Barnett never came within the meaning of the words "heirs of his body". In order to apply the rule of construction just referred to, it would be necessary either to ignore this language, or to consider it as the equivalent of, or at least not in conflict with the term "issue". But it hardly appears reasonable that when the grantor referred to "issue *and* heirs of his body" he meant "issue *or* heirs of his body". The language was not aptly chosen to indicate that a person coming under either class would be sufficient. It rather appears that the words "issue and heirs of his body" were intended to be read together, and together constituted a description of the class of persons who should take the remainder. This being so, can we ignore part of the language? Is it not reasonable to conclude that he intended the property to go to such of his issue as were heirs of his body, that is, such issue as survived him?

While the foregoing discussion is somewhat speculative, it cannot be denied that the interpretation sought by appellants requires, in effect, the striking out of vital words in the deed. It is also true that the interpretation of the respondent requires, if not the striking out of the word "issue", at least the modification of its ordinary meaning by reason of other language used in connection with it. We should find difficulty in supporting this latter interpretation were it not for an additional element which seems almost conclusive. The *granting clause* does not mention "issue"; the grant is to Barnett "and to his heirs". The word "issue" is found only in the *habendum*. While the *habendum* clause may limit the estate apparently granted, where it is itself ambiguous there is every reason for holding the granting clause as controlling. Indeed, the statute expressly provides that if several parts of a grant are irreconcilable, the former part prevails. (Cal. Civ. Code, sec. 1070; see *Barnett* v. *Barnett, supra.*)

There are, however, certain indications of the grantor's intent to be derived from the circumstances existing at the date of the grant. At that time Lela Barnett was living and could have been specially mentioned; she was not. She might have been clearly identified as the holder of a vested remainder by the use of the term "children" without other language, but was not. What could the grantor have had in mind? Certainly not the intention to provide for Lela Barnett in particular, but in general for his descendants, including Lela Barnett. The intention to have his property go to persons in his own line of descent seems plain. If, however, a vested remainder came to Lela Barnett, it was possible for her *prior to her actual possession of the property* to alien her future interests, so that it might go to strangers. Again, the grantor's intent that the grantee, F. Joseph Barnett, should take only a life estate, is satisfactorily established in the earlier decision of this court. Lela Barnett's heirs were her mother and F. Joseph Barnett, her father. When she died, her father became heir to half of her estate. If her interest in the property granted by B. B. Barnett was vested, then her father had a vested remainder in fee simple in property in which the grantor intended that he should have only a life estate. Such a result

would be destructive of the grantor's purposes, and an interpretation which leads to it should be avoided.

Our conclusion is that the effect of the deed was to grant a life estate to F. Joseph Barnett, with a remainder to such of his issue as became heirs of his body. Lela Barnett, as a possible heir of his body, had a contingent remainder which vanished when she predeceased the holder of the life estate. Her successors in interest therefore take nothing.

It follows that the judgment must be affirmed. It is so ordered.

Rehearing denied.