## ABIGAIL W. HASKELL *vs.* AMOS A. SARGENT.

A testatrix, in the first article of her will, devised a house to a niece, by name; in the second, another house to two grandnieces, by name; in a third, directed that any deficiency of her personal estate should be made up by money advanced by the legatees (naming them) "in proportion to the value of each of said houses;" in a fourth, devised land "to the legatees heretofore named in the first and second articles," "to be equally divided between said legatees." *Held*, that, under the devise in the last article, the niece took one half the land; the grandnieces the other.

PETITION FOR PARTITION of certain land in Haverhill. The petitioner claimed title to one half of the premises. The respondent admitted her title to one third, but denied it to more.

The case was heard in the Superior Court before *Brigham*, C. J., without a jury. Both parties derived their title from the will of one Rachel French, the material portions of which were as follows :

"Art. 1. I give and bequeath to Abigail W. Haskell, wife of Barnabas D. Haskell, of Bradford, county and state aforesaid, in her own right, my front house on the north side of Merrimack Street.

"Art. 2. I give and bequeath to Rachel Sarah F. Graham, and Anna F. Graham, children of James Graham, deceased, the dwelling-house and land directly in the rear of front house and land above named, with a right of way to said Merrimack Street.

"Art. 3. Provided nevertheless that the said Abigail W. Haskell, Rachel S. F. Graham, and Anna F. Graham, shall provide and put into the hands of my executor hereafter named the amount of money that may be necessary (after my said executor shall have expended what he may have of my personal property) to pay all my just debts and funeral expenses, and the legacies

in money hereafter named ; the said money to be provided by said Abigail, Rachel, and Anna, shall be in proportion to the value of each of said houses and said lands, the said value to be estimated by the value put upon them by the assessors of the town of Haverhill, for taxation."

" Art. 17. I give and bequeath to the legatees heretofore named in the first and second articles of this will, all of the land I own north of the rear house, and north of the lane, to be equally divided between said legatees."

The land described in the petition was that devised by the seventeenth article of the will. The petitioner, who was a niece of the testatrix, was the legatee under the first article ; the respondent had the title of the legatees named in the second article, who were her grandnieces.

The petitioner offered evidence tending to prove that the premises in question were appurtenant to the houses mentioned in the first and second articles of the will, and were used during the lifetime of the testatrix, and at the time of making her will, in separate and equal portions by the occupants of the houses ; and that it was the intention of the testatrix previous to and at the time of making her will, that the petitioner should have one half the premises. The court ruled that this evidence was inadmissible, and directed judgment for partition, giving to the petitioner one third part of the premises, and the petitioner alleged exceptions.

*H. Carter*, for the petitioner.

*D. Saunders*, for the respondent.

WELLS, J. The intent of the testatrix, as it is manifested to our minds from the frame and phraseology of the will, was to deal with the two children of James Graham collectively, as representing her nephew in equal degree of kindred with her niece, Mrs. Haskell. To her niece she devises the front house by the first article ; to the children of her deceased nephew she makes one joint devise of the other house, by the second article.

By the third article she imposes the burden of any deficiency of her estate to pay debts and legacies upon the three individuals, naming them , but, in directing the mode of apportionment, she

makes but one division, to wit, between the two estates which were respectively the subject of the devise in the first and in the second article. . A division " in proportion to the value of each of said houses and said lands," as assessed for taxation, is a division between two parties only.

Coming then to the seventeenth article, upon which the question in this case arises, we find a devise to the same parties, of land adjacent to that previously given them, and designating the recipients, not by their names as individuals, but by their character as objects of previous gifts. In that character they constitute two parties, and not three.

The reference to the first and second articles of the will, we think, must be taken to signify some other purpose than merely to point out the individuals to be benefited. It indicates that this gift is something additional to the former one ; and that the testatrix had in mind the relations and order of disposition which had before been set forth. The "legatees heretofore named in the first and second articles of this will " are the two objects of her bounty as therein respectively defined ; to wit, her niece, and the representatives of her nephew. The use of the word " between," strictly implying but two parties to the division, is a slight circumstance favoring the construction to which we incline, although not of much weight in itself, independently of the other considerations mentioned.

Upon the whole will we are of opinion that the true construction of the devise in article 17, is that the division intended " between said legatees," was an equal division between the legatee named in the first article and those named in the second article, one half to each ; and that consequently the petitioner would be entitled to one half of the estate.

Upon this construction of the will, the question of the admissibility of the evidence offered becomes immaterial.

*Exceptions sustained.*