JAMES W. HILL, administrator, *vs.* WILLIAM B. BOWERS & others.

Middlesex. Jan. 18. — March 3, 1876. COLT & ENDICOTT, JJ., absent.

A testator left the residue of his property "to the children of my brother A. by his present wife, and the survivors of them, and to the children of my nephew B. and the survivor of them, their heirs and assigns forever." At the death of the testator, A. had eight children, and B. had two. *Held*, that the children of A. and of B. took *per capita* and not *per stirpes*.

BILL IN EQUITY by the administrator, with the will annexed, of Josiah Bowers, to obtain the instructions of the court, and alleging the following facts :

The will of the testator contained the following clause :

" Fourth. I give, devise and bequeath to the children of my brother Joseph by his present wife, and the survivors of them, and to the children of my said nephew Albert, and the survivor of them, all the rest and residue of all my property and estate, and the remainder and reversion thereof, after the decease of my wife and sister Ann aforesaid, to them, their heirs and assigns forever."

At the death of the testator there were living eight children of the testator's brother Joseph, " by his present wife," and one of them has since died without issue. There were also living two children of the nephew Albert, both of whom are living. The testator's wife and sister Ann died after him.

The administrator requested instructions as to whether the remaindermen took *per capita* or *per stirpes*.

The answers admitted the allegations of the bill, and the case was reserved by *Morton*, J., on the pleadings, for the consideration of the full court.

*J. P. Healy*, for the children of the nephew. It may well be conceded that " as a general rule of construction of wills, a gift to the children of several persons, or to a person described as standing in a certain relation to the testator and the children of another person standing in the same relation, the objects of the gift take *per capita* and not *per stirpes*." But this mode of interpretation rests upon a foundation not very stable, and " will yield to a very faint glimpse of a different intention in the con-

text." *Balcom* v. *Haynes*, 14 Allen, 204. 2 Jarman on Wills (4th Am. ed.) 111, 112, and notes. This general rule is not applicable to this case; because the children of the testator's brother Joseph, and the children of his nephew Albert, do not stand in the same relation to the testator, but are of different degrees of kindred to him; and because the testator indicated by more than "a very faint glimpse" a different intention; that is, that the property and estate in question should be distributed *per stirpes* and not *per capita*. If the testator had intended a *per capita* distribution, he would naturally have made his gift to the children of his brother and of his nephew, and the survivors of them; but instead of so expressing his purpose, he gives to the children of his brother Joseph by the wife then living, and the survivors of them, and to the children of his nephew Albert, and the survivor of them, thus dividing the devisees and legatees into families, and providing separately for the survivors of each family. This construction of the will, it is believed, is sustained by the current of the decisions of this court. *Balcom* v. *Haynes, ubi supra. Leland* v. *Adams*, 12 Allen, 286. *Holbrook* v. *Harrington*, 16 Gray, 102. *Bassett* v. *Granger*, 100 Mass. 348.

*G. A. Torrey*, for the children of the brother.

GRAY, C. J. The general rule is that by a bequest to the children of A. and to the children of B., the children take *per capita* and not *per stirpes*, in the absence of words indicating a different intention. There are no such words in this will. The repetition of the words " and the survivors of them " only makes clear the intention of the testator not to include any children, of either person named, who did not survive the testator. Upon his death, the children who should take were ascertained, and the residue of the estate was to be equally divided among them. *Blackler* v. *Webb*, 2 P. Wms. 383. *Butler* v. *Stratton*, 3 Bro. Ch. 367. *Lincoln* v. *Pelham*, 10 Ves. 166, 176. *Heron* v. *Stokes*, 2 Dru. & War. 89; *S. C.* 1 Con. & Laws. 270; 4 Irish Eq. 284. *Collins* v. *Hoxie*, 9 Paige, 81. *Weston* v. *Foster*, 7 Met. 297 *Balcom* v. *Haynes*, 14 Allen, 204.          *Decree accordingly.*