[S. F. No. 3021.   Department Two.—January 26, 1903.]

In the Matter of the Estate of JULIA MORRISON, Deceased.   EDWARD R. STETTINIUS, Appellant, v. BERTHA WANN et al., Respondents.

WILL—RESIDUARY DEVISE TO FOUR PERSONS—USE OF WORD "BETWEEN" —DIVISION PER CAPITA.—Though the use of the word "between" primarily refers to two, it is largely used in wills to denote an equal distribution *per capita* to more than two persons.   Under a will which makes equal specific bequests to a sister, her two daughters, and a brother, treating them as distinct individuals, a residuary devise to be divided "between" them is to be fairly construed as intending an equal division among the four persons *per capita,* and not as contemplating a class, either of the mother and her daughters, or of the two daughters.   The omission of the words "share and share alike" cannot justify a different construction.

APPEAL from a decree of distribution of the Superior Court of the City and County of San Francisco. - J. V. Coffey, Judge.

The facts are stated in the opinion.

J. W. Dorsey, and R. M. F. Soto, for Appellant.

The word "between" denotes "twain or two."   The presumption is in favor of the proper and correct use of the word.   (Civ. Code, sec. 1324; *Thrie's Estate,* 162 Pa. St. 372; *Green's Estate,* 140 Pa. St. 253; *Webster* v. *Morris,* 66 Wis. 366.[1])   In cases of ambiguity, the will is to be construed to intend a distribution according to statutory descent, as near as may be.   (*Raymond* v. *Hillhouse,* 45 Conn. 475; [2] *Lyon* v. *Aker,* 33 Conn. 224; *Henry* v. *Thomas,* 118 Ind. 23; *Minter's Appeal,* 40 Pa. St. 114; *Wright* v. *Hicks,* 12 Ga. 155; [3] *Bender* v. *Dietrick,* 7 Watts & S. 287.)   The daughters of Mrs. Wann take with her as a class.   (*Hamletts* v. *Hamletts,* 12 Leigh, 350; *Horton* v. *Griffith,* 18 Gratt. 574; *Gilliam* v. *Underwood,* 56 N. C. 100; *Alden* v. *Beall,* 11 Gill & J. 123; *Lockland* v. *Downing,* 11 B. Mon. 32; *Leland* v. *Adams,* 12

[1] 57 Am. Rep. 278.  [3] 56 Am. Dec. 451.
[2] 29 Am. Rep. 688.

Allen, 286; *Balcom* v. *Haynes,* 14 Allen, 204; *Holbrook* v. *Harrington,* 16 Gray, 102; *Henry* v. *Thomas,* 118 Ind. 23; *Wood* v. *Robertson,* 113 Ind. 323; *Raymond* v. *Hillhouse,* 45 Conn. 467; *Minter's Appeal,* 49 Pa. St. 114; *Fissel's Appeal,* 27 Pa. St. 55; *Clark* v. *Lynch,* 46 Barb. 68; *Vincent* v. *Newhouse,* 83 N. Y. 505; *Bool* v. *Mix,* 17 Wend. 110; *Talcot* v. *Talcot,* 39 Conn. 186; *Bond's Appeal,* 31 Conn. 183; *Cook* v. *Cortin,* 25 Conn. 387; *Barringer* v. *Cowan,* 55 N. C. 436.

Page, McCutchen & Eells, and Page, McCutchen, Harding & Knight, for Respondents.

The presumption is that the daughters of the sister take *per capita.* (2 Jarman on Wills, p. 1051, and cases cited; *Blackler* v. *Webb,* 2 P. Wms. 383; *Dowding* v. *Smith,* 3 Beav. 541; *McCartney* v. *Osborn,* 118 Ill. 403; *Hill* v. *Bowen,* 120 Mass. 135.) When a testator designates the objects of his gift by their relation to a living ancestor, they take equal shares *per capita.* (*Young's Appeal,* 83 Pa. St. 59; *Risk's Appeal,* 52 Pa. St. 269.[1]) The word "between" in a will may be followed by any plural number, and, so used, denotes rather the individuals of the class than the class itself generically. (*Senger* v. *Senger,* 81 Va. 690.) The word "between" may be used as synonymous with "among." (*Senger* v. *Senger,* 81 Va. 697; *Gilliam* v. *Underwood,* 56 N. C. 100; *Lockland* v. *Downing,* 11 B. Mon. 32; *Leland* v. *Adams,* 12 Allen, 286; *Balcom* v. *Haynes,* 14 Allen, 204; *Henry* v. *Thomas,* 118 Ind. 23; *Fissel's Appeal,* 27 Pa. St. 55; *Vincent* v. *Newhouse,* 83 N. Y. 505.)

D. I. Mahoney, for Executors.

HAYNES, C.—This appeal is from a final decree of distribution, and involves the interpretation of the residuary clause of the codicil to the will of Mrs. Julia Morrison, deceased.

Her will, dated August 1, 1891, was prepared by an attorney, and the codicil is olographic, and was made in 1894. She died December 18, 1895.

Two petitions for final distribution were filed, one by the executor, F. S. Wensinger, and the other by Edward R. Stet-

---

[1] 91 Am. Dec. 156.

tinius, a legatee under the will, and were heard together. The residuary clause of the said codicil is as follows:—

"The real estate that I own at North Beach and Oakland, and at Fresno, I do not know the value of, I wish it sold, and the residue of the estate left after the payment of the above legacies to be divided between my sister, Mrs. Wann, and her daughters and my brother, Edward Stettinius, formerly of St. Louis, Missouri, at present residing at Chicago, Illinois. I hereby republish my said will and confirm all the provisions thereof, except as is modified or changed by this codicil."

It is contended that Mrs. Wann's given name is Bertha, and that she had but two daughters, Bertha von Quast and Florence Wann (now Florence von Schwerin). These, with Edward Stettinius, made four persons interested as residuary legatees, and the court by its decree distributed the residue of the estate among them equally, giving one fourth to each. From this part of the decree Stettinius appeals.

Three different interpretations of said clause of said will are suggested:—

1. That above stated as adopted by the court, distributing said residue equally among the four persons, one fourth to each.

2. That contended for by appellant,—viz., one half to appellant, the other half to Mrs. Wann and her two daughters, in some proportion, but in what proportion appellant is not concerned.

3. It is suggested, though not argued, that appellant and Mrs. Wann each take one third, the remaining third to go to Mrs. Wann's daughters as a class.

I think that, reading said clause apart from the other provisions of the will, the court below correctly interpreted its language, and, construed in the light of the other provisions of the will, the construction given it by the decree is right.

The ambiguities in the residuary clause, suggested by appellant, arise from the use of the word "between" after the word "divide," and the expression "and her daughters," following the name "Mrs. Wann."

In *Senger* v. *Senger*, 81 Va. 697, 698, the court, in discussing the variant significations of the prepositions "between" and "among," said: "But when they follow the

verb 'divide,' their general signification is very similar, and in popular use are considered as synonymous, though 'among' denotes a collection, and is never followed by two of a sort, whilst 'between' may be followed by any plural number and seems to denote rather the individuals of the class than the class itself generically.''

As applied to persons and things, the word ''between'' primarily refers to two, though Webster gives ''among'' as a synonym, and in a large number of cases the word is used in wills where a *per capita* devise or legacy was to more than two. As to the weight to be given to the word ''between,'' it was said in *Haskell* v. *Sargent,* 113 Mass. 341, 343: ''The use of the word *between,* strictly implying but two parties to the division, is a slight circumstance favoring the construction to which we incline, though not of much weight in itself independently of the other considerations mentioned.'' In the case at bar, the use of ''between,'' in its strictly technical sense, would require that ''Mrs. Wann and her daughters'' should be regarded as a class in order to make a division between two, since Edward, under such construction, must be entitled to one half the residue. ''If a gift be to A and B and their children, or to a class and their children, every individual coming within the terms of the description, as well children as parents, will take an equal proportion of the fund; that is, the distribution will be made *per capita.*'' (Jarman on Wills, star p. 1051, and cases cited in note.) The author adds, however, that ''this mode of construction will yield to a very faint glimpse of a different intention in the context.'' Here, however, no ''different intention'' is apparent in the will. No bequest was made in any part of the will to Mrs. Wann and her daughters as a class. Mrs. Wann's daughters' names are Bertha von Quast and Florence Wann, now von Schwerin. In separate paragraphs the will gave to each by name a bequest of $5,000, to a nephew, Leslie Wann, $2,000, and to each of her brothers Derick and Edward Stettinius $5,000. Her brother Derick died before the codicil was executed, and his bequest was given to two of the children of her niece, Bertha von Quast, ''share and share alike.'' Not only were these bequests of specific amounts to persons specifically named, but the amount given to Mrs. Wann, and to each of her daughters and her brother, was the same; and

having thus given these four persons, as distinct individuals, the same amounts, we may fairly infer that in disposing of the residue she did not intend to disturb that equality, but did intend that they should share equally. Having thus treated the daughters of her sister as distinct persons, not only in the distribution of the money into which the estate was converted, but having given each of them some articles of jewelry, and such equal distribution being, at least, consistent with the language of the residuary clause of the codicil, we see no reason to change the construction given it by the court below.

It is further argued by appellant that the omission to add to the residuary clause of the codicil the words "share and share alike," shows, or tends to show, that the construction above given is wrong. It is true that in the original will that expression is used three times, including the residuary clause, and is used once in the codicil. It is quite true that the words "share and share alike," would have prevented discussion as to the intention of the testatrix, but if the language used means the same thing, and especially when such meaning is clearly consistent with all its other provisions, their absence cannot justify a different construction.

I advise that the judgment appealed from be affirmed.

Gray, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

McFarland, J., Lorigan, J., Henshaw, J.