Jones, Oliver B., J.
This is an action for partition, heard on appeal from the court of common pleas. It is sought to partition real estate devised under clause 1 of item 3 of the will of John B. Cook, deceased. The only question in the case is *8 whether the devisees named in that clause take per capita or per stirpes.
After first giving a life estate in all of his real estate to his wife by item 3 of his will, he disposes of it after her death by separate clauses in the same item, devising different parcels of real estate to different relatives. The language in clause 1 is as follows:
“1 give and devise to the children of Elizabeth Boewer, and the children of Marianna Broermann and Frederick Broermann, all said children being my grandchildren, the following real estate, to-wit: [Here follows description of property.] to have and to hold the same for the said grandchildren, their heirs and assigns forever.”
The widow, Mary E. Cook, died in January, 1913, two children of Elizabeth Boewer and twelve children of Marianna Broermann and Frederick Broermann surviving her. The question is whether the Boewer children each take one-fourth of this property and the Broermann each one-twenty-fourth, or whether each of the fourteen children take one-fourteenth.
No provision was made in the will for testator’s daughters, Elizabeth Boewer and Marianna Broermann, and the latter at least is still surviving, and as stated at the trial both were in life at the time of the making of the will and probably at the death of the testator.
As a general rule, where the testator has left undetermined the proportions in which his beneficiaries are to take, the courts, favoring equality, will direct the distribution to be per capita rather than per stirpes. Thus where a devise is to the children *9 of several persons, whether it be to the children of A and B, or to the children of A and the children of B, they take per capita and not per stirpes. Beach on Wills, 504, Section 304, and 2 Jarman on Wills (6 ed., Bigelow), 204, (1050).
Where all the persons entitled to share stand in the same degree of kin to the decedent, as, for instance, all grandchildren, and claim directly from him in their own right, and not through some intermediate relation, they take per capita. 1 Schouler on Wills (5 ed.), Section 538.
Wherever as a class the beneficiaries are individually named, or are designated by their relationship to some ancestor living at the date of a will, whether to the testator or some one else, they share per capita and not per stirpes, and especially if they are all of the same degree. 1 Schouler on Wills (5 ed.), Section 540, and Page on Wills, Section 558, page 648.
In Hill, Admr., v. Bowers, 120 Mass., 135, Chief Justice Gray, in the opinion of the court, says at page 136:
“The general rule is that by a bequest to the children of A and to the children of B, the children take per capita and not per stirpes, in the absence of words indicating a different intention. There are no such words in this will.”
In the case at bar we fail to see any words indicating any intention different from the general rule as above stated. The language of the will reduces the beneficiaries to a single class, that of grandchildren, in the woj;ds “all said children being my grandchildren,” and also, after description of. the property, by repetition, in the use of the words “to *10 have and to hold the same for the said grandchildren their heirs and assigns forever.” While these grandchildren are designated not by individual names, but by the fact of their parentage, they take nothing under a devise from the parent or as representatives of the parent; they take directly as grandchildren of the testator, and, being all of the same class, the general rule must apply and they must take equally or under the per capita rule.
In 40 Cyc., 1490, the following language is used:
“As a general rule the devisees or legatees of a will will if possible be construed to take per capita rather than per stirpes, unless the will shows a contrary intention on the part of the testator, as where the beneficiaries are to take substitutionally; and in case of doubt the statutes of descent and distribution should be followed as nearly as possible.”
If it were necessary under this rule to refer to our statutes, a reading of Sections 8580 to 8583, inclusive, General Code, would convince us that if the parents of these grandchildren were his only children and had predeceased their grandfather, then these grandchildren being of the same class would under the terms of Section 8581 take by inheritance equal shares. Thus we see that the per capita rule would accord with the statutes of Ohio.
It is however argued properly that the entire will must be read in order to put a proper construction upon any ambiguous clause, and it is urged by counsel for the Boewers that the other three clauses in item 3 indicate an intention on the part of the testator to divide the estate equally among the original children or their representatives. The fact that Mrs. Broermann, if not Mrs. Boewer also, are *11 still living and take nothing under the will negatives any such argument. McIntire v. McIntire, 192 U. S., 116, and Blackler v. Webb, 2 P. Wms., 383.
The argument that clauses 2, 3 and 4 indicate a purpose on the part of testator to equalize the division of his property among the representatives of his eight children is not borne out by a consideration of those clauses. The second clause gives a piece of real estate to his sons George and Bernard, and the fourth clause gives two pieces of real estate and certain chattel property to two other sons, Louis and William, and the third clause gives to two grandchildren, each being a daughter of a deceased daughter of the testator, another piece of real estate and certain street railway stock. There is nothing in the record to show that these parcels of real estate are of equal value. The usual presumption would be that they are not of equal value. The testator however desired to so divide his property, and we are not at liberty to speculate upon his reasons for so doing; but the fact that he did so does not in any way aid us in the construction of the language employed in the first clause of the same item. It happens that Marie Catherine Funk and Louisa Eberling, the two deceased daughters named in item 3, clause 3, each had a single child surviving the life tenant, and that neither of said children being mentioned by name in said item each would take one-half; but that cannot be used as an argument that they take by representation.
Two of the cases cited by counsel for the Boewers which uphold a division per stirpes, to-wit, Bool et al. v. Mix, 17 Wend., 119, and Houghton v. Ken *12 dall et al., 7 Allen (89 Mass.), 72, 77, are cases where an estate for life was given to the child, with the remainder over to the grandchildren, in such a way as to show an intention on the part of the testator to have the grandchildren take as representatives of their respective parents. But in all of the remaining cases cited by counsel, without exception, there have been kinsmen in different degrees of consanguinity, which would require those of the more remote relationship to take as representatives of their parents who would have been in the same class.
These cases therefore cannot control the court in the construction of the case at bar where all of the beneficiaries are grandchildren who take directly as such and not in the right of their respective parents.
A decree will therefore be entered finding that each of the fourteen grandchildren who are parties to the proceeding is entitled to an. undivided one-fourteenth of the real estate described in the petition, and partition had accordingly.

Judgment accordingly.

Swing and Jones, E. H., JJ., concur.