[Civ. No. 5100. First Appellate District, Division Two.—February 25, 1925.].

In the Matter of the Estate of JOHN P. BACKESTO, Deceased. MARY J. KENNEDY et al., Complainants, v. J. P. HOUSTON, etc., et al., Defendants.

[1] WILLS—INHERITANCE PER CAPITA OR PER STIRPES—INTENTION—CONSTRUCTION.—In a proceeding under section 1664 of the Code of Civil Procedure involving the question whether the beneficiaries under a will are to take *per capita* or *per stirpes*, the intention of the testator is the determining factor, and this can be reached only by an examination of the language used as applied to all the surrounding circumstances and the conditions present in the mind of the testator at the time the will was written.

[2] ID.—WORDS AND PHRASES—USE OF "AMONG" AND "BETWEEN."—In its strict grammatical sense the preposition "between" is used when applied to two things or two groups of things. When more than two are referred to the word "among" is more properly used.

---

1. Bequest to be divided equally among persons standing in different relationships to testator as looking to *per capita* or *per stirpes* division, note, Ann. Cas. 1916C, 411.

[3] ID.—LIFE ESTATE—REMAINDER TO BE DIVIDED BETWEEN CHILDREN —INHERITANCE PER CAPITA—CONSTRUCTION.—A will giving to the testator's wife a life interest in all his estate, and providing that after her death "the property shall be sold and the proceeds shall be *equally divided*, except as otherwise specified, *between the children* of Jacob . . . *between* the children of Rebecca . . . *between children* of Maria Hazzard, deceased, *only one of whom is now known to be living . . . between the children* of David . . . The children of Henry . . . shall have only one-half the amount of the *other children mentioned* who are benefited by this will . . . Within one year after the death of my wife, the executors shall . . . divide the proceeds . . . *between the heirs* above specified," is to be construed as though the word "among" were used in place of the word "between," and, as thus construed, there is a clear direction to divide the proceeds equally "among" the children of the persons mentioned (except as to the children of Henry), and they would then take *per capita*.

[4] ID.—VESTING OF DEVISE OR BEQUEST AT TESTATOR'S DEATH— STATUTORY CONSTRUCTION.—Sections 1337, 1341, 1342, 1343, and 1310 of the Civil Code show the unmistakable intention of the statutory law to declare that a devise or bequest shall vest at the testator's death unless some other intention is expressed in the will.

[5] ID.—DEATH OF DEVISEE — TIME OF VESTING OF DEVISE — CONSTRUCTION OF WILL—RIGHT OF REPRESENTATION.—A will which gives to the testator's wife a life estate in his property, but which goes on to declare that after her death the property shall be sold and the proceeds divided between the children (of brothers and sister of the testator and the testator's wife) "benefited by this will," and which repeats that after the wife's death the proceeds shall be divided "between the heirs as above specified," indicates a present intention to devise the remainder to the nephews and nieces specified in the will, and the will must, therefore, be held to be "a testamentary disposition to a class" within the meaning of section 1337 of the Civil Code. As such the interest of the devisees vests at the testator's death and a daughter of a devisee (who survived the testator but predeceased the testator's wife) is entitled to take by right of representation of the estate of her deceased mother.

---

(1) 40 Cyc., p. 1386, n. 85, p. 1388, n. 90, p. 1392, n. 11, p. 1495, n. 19, 20, 21, 22.   (2) 2 C. J., p. 1327, n. 13; 7 C. J., p. 1146, n. 58, p. 1147, n. 59, 60, p. 1148, n. 62; 40 Cyc., p. 1490, n. 92.   (3) 40 Cyc., p. 1495, n. 20.   (4) 40 Cyc., p. 1476, n. 95, p. 1477, n. 1, p. 1651, n. 84.   (5) 40 Cyc., p. 1517, n. 43.

5.  What constitutes gift to class, note, 21 **Ann. Cas.** 415.

APPEAL from a judgment of the Superior Court of Santa Clara County. P. F. Gosbey, Judge. Affirmed in part; reversed in part.

The facts are stated in the opinion of the court.

Hamilton & Lindley and Haines & Haines for Appellant Hazzard.

Leonard, Surr & Hellyer for Defendant and Appellant Wagner.

Liggett & Liggett, Fry & Jenkins, F. R. Estes and R. L. Beardslee for Respondents.

NOURSE, J.—John P. Backesto died testate on March 17, 1890. In his will he gave to his wife a life interest in all his estate and provided that, after her death, the property should be sold and the proceeds equally divided among the children of certain brothers and sisters of decedent and of decedent's wife, excepting the children of the decedent's brother Henry, who should receive only one-half of the amount of the other children mentioned. The testator's wife died on January 2, 1918. Thereafter this proceeding was instituted under section 1664 of the Code of Civil Procedure to determine the succession to the estate. The trial court held that the bequest of the will was made to the beneficiaries as a class composed of all the children of the persons designated living at the time of the death of the testator's wife and that they should all take equally *per capita,* except that each of the four children of the brother Henry should receive only one-half of the amount taken by each of the other children. It was then found that twenty-two children were entitled to take under this ruling—eighteen in equal portions, and each of the four children of Henry in one-half of the portion of the others. The estate was then divided into fortieths and each of Henry's children was awarded one-fortieth and each of the remaining eighteen children was given two-fortieths.

From this decree, Sadie Seaton Wagner, who was a daughter of Irene Seaton, a daughter of Jacob, brother of

testator, appeals on the ground that the trial court erroneously excluded her from participation in the estate when it found that the bequest to her mother, Irene Seaton, lapsed upon her mother's death in 1908, prior to the death of testator's wife. Another appeal is prosecuted by George W. Hazzard, a son of a sister of testator's wife. He assigns as error the finding that the beneficiaries should take *per capita* instead of *per stirpes.* By stipulation both appeals are to be heard on the same record. The appeals are presented on the judgment-roll which contains the stipulation of facts upon which the cause was heard.

The pertinent portions of the will, which was a holographic one, are that "I, John P. Backesto, of San Jose, California, Do hereby Bequeath, or Will to my beloved wife Anna E. C. Backesto, all my property, Real and Personal, *during her Natural Life,* to own the same, . . . *After her Death,* the *property shall be sold,* and the *proceeds shall be equally divided,* except as otherwise specified, *between the children* of Jacob Backesto, . . . *Between the children* of (other designated brothers and sisters of testator and of testator's wife). The children of Henry Backensto, of Shiloh Richland County, Ohio, shall have *only one-half the amount of the other children mentioned,* who are benefitted by this will, by virtue of him (Henry Backensto) having received a legacy, from our Uncle; . . . Within one year after the death of my wife, the Executors, shall sell the property, and divide the proceeds within three years, between the Heirs as above specified." (Here follows an explanation of the different forms of spelling the name of testator by other members of the family.) (Emphasis ours.)

Directing our attention first to the Hazzard appeal, which attacks the ruling that the distribution should be *per capita* and not *per stirpes,* we find little aid in the cited cases because none of them involves the same state of facts. [1] In a case of this kind the intention of the testator is the determining factor and this can be reached only by an examination of the language used as applied to all the surrounding circumstances and the conditions present in the mind of the testator at the time the will was written. (*In re Pearsons,* 99 Cal. 30, 34 [33 Pac. 751].) The general

rule of interpretation is stated in 40 Cyc. 1495, as follows: "A devise or bequest to the children of two or more persons, whether expressed as to the children of A and B, or to the children of A and the children of B, or to other relatives of different persons, usually means that such children or relatives shall take *per capita* and not *per stirpes* unless it is apparent from the will that the testator intended them to take *per stirpes.*"

Mr. Jarman, in his work on wills, says: "Where a gift is to the children of several persons, whether it be to the children of A. and B., or to the children of A. and the children of B., they take *per capita*, not *per stirpes*. The same rule applies, where a devise or bequest is made to a person and the children of another person; or to a person described as standing in a certain relation to the testator, and the children of another person standing in the same relation. . . . " (2 Jarman on Wills, 6th ed., 1051, p. 205.)

The significant portions of the Backesto will are that after the death of his wife "the property shall be sold and the proceeds shall be *equally divided,* except as otherwise specified, *between the children* of Jacob . . . *between* the children of Rebecca . . . *between children* of Maria Hazzard, deceased, *only one of whom is now known to be living* . . . *between the children* of David. . . . The children of Henry . . . shall have only one-half the amount of the *other children mentioned* who are benefited by this will. . . . Within one year after the death of my wife, the executors shall . . . divide the proceeds . . . *between the heirs* above specified."

The confusion in the language of the will arises from the repeated use of the word "between." [2] In its strict grammatical sense the preposition "between" is used when applied to two things or two groups of things. When more than two are referred to the word "among" is more properly used. However, the use of the word "between" as applying to more than two is not uncommon—in fact the failure to make this distinction between the words "between" and "among" is quite common. It is plain that the testator did not use the word with this grammatical distinction because, if he had, he would not have said "between children of Maria Hazzard" when only one was known to be living; nor would he have said "between the children of Jerome B.

Conwell'' when Jerome had but one child. It seems clear that the word was used in the sense of ''among,'' particularly as the same word is used later in the will with this meaning when the testator directed his executors to divide the proceeds ''between the heirs as above specified.''

[3] If we substitute ''among'' for the word ''between'' in the clauses naming the various beneficiaries under the will, as well as in this later clause, we find a clear direction to divide the proceeds equally ''among'' the children of the brothers and sisters mentioned, except as to the children of Henry, and they would then take *per capita.* Precedents supporting this interpretation of the will are found in *Estate of Morrison,* 138 Cal. 401, 404 [71 Pac. 453]; *Estate of Fisk,* 182 Cal. 238, 240 [187 Pac. 958]; *Neil* v. *Stuart,* 102 Kan. 242 [169 Pac. 1138, 1139]; *Kean's Lessee* v. *Hoffecker,* 2 Harr. (Del.) 103 [29 Am. Dec. 336, 343]; *Hill* v. *Bowers,* 120 Mass. 135. It seems apparent that the testator intended to divide his property equally among the children of the brothers and sisters named—among his nephews and nieces irrespective of the number in each family—and that he made no provision for and drew no distinction between any of these brothers and sisters, or between any of his nephews and nieces, except the children of Henry and the three others who are expressly omitted from the will. If he had intended to favor the children of one brother or sister over those of another it would have been a simple matter to have done so.

The case of *Neil* v. *Stuart, supra,* is closely analogous on the point under consideration. There the testatrix gave her entire estate to her husband during his lifetime ''and at his death the property is to be sold, and divided as follows: among my brothers' and sisters' children, and David R. Neil, and Andrew Neil, also Lulu Keith, equally.'' In interpreting the will the court says: ''Does the will compel the construction adopted by the trial court, that the sisters' children take *per stirpes?* . . . David and Andrew she knew, and Lulu she knew, but the children of the brothers and sisters the testatrix apparently did not know and certainly did not name . . . the only proper construction to be given to the language now under consideration is that each nephew and niece of the testatrix was intended to share equally with

the three other devisees, all to take *per capita.* . . . It would
not be deemed natural or reasonable from any language
found in the instrument or from any circumstance shown
to conclude that she wanted one of the nephews or nieces to
have a greater or lesser share than any other, all of whom
she must have had in mind when she directed that the pro-
ceeds of the property were to be divided among them and
the other devisees 'equally.' If one sister should have five
children at the death of the testatrix, and another one, there
is nothing to indicate that Jennet intended the one to have as
much as the five. The language and circumstances indicate
that she regarded her nephews and nieces, the one step-
niece and the two nephews by marriage, as equal objects
of her benefaction."

For the reasons given we are satisfied that that portion
of the decree holding that the division should be *per
capita,* and on which the Hazzard appeal is based, should
be affirmed.

The Wagner appeal is from that portion of the decree
which held that the gifts did not vest until the death of
testator's wife and that the gift to appellant's mother, a
daughter of Jacob, a brother of the testator, lapsed because
of her death prior to the death of testator's wife. In
the consideration of its appeal the following dates are of
interest: February, 1889, execution of the will; March, 1890,
death of testator; November, 1896, death of brother Jacob;
January, 1908, death of Irene Seaton, mother of appellant;
January, 1918, death of testator's widow.

This appellant contends that as Irene Seaton was living
at the time of testator's death and was one of the chil-
dren of Jacob mentioned in the will her title to her share
of the proceeds of the estate vested in her on the death
of the testator and passed to the appellant and her brother
as the heirs of her mother who died intestate. This appel-
lant points out that the trial court found that the bequest
in the will was a bequest to "a class composed of all the
children of the several persons designated." She disagrees
with the conclusion of the trial court that the bequest was
available to those children only who were "living at the

time the bequest took effect," i. e., "at the time of the death of the testator's widow."

The appellant rests her case on the provisions of section 1337 of the Civil Code, which reads, "A testamentary disposition to a class includes every person answering the description at the testator's death; but when the possession is postponed to a future period, it includes also all persons coming within the description before the time to which possession is postponed," and on section 1341 of the Civil Code, which reads: "Testamentary dispositions, including devises and bequests to a person on attaining majority, are presumed to vest at the testator's death." Reference may also be made to section 1342, reading, "A testamentary disposition, when vested, cannot be divested unless upon the occurrence of the precise contingency prescribed by the testator for that purpose," and section 1343, reading, "If a devisee or legatee dies during the lifetime of the testator, the testamentary disposition to him fails, unless an intention appears to substitute some other in his place, except as provided in section thirteen hundred and ten." Section 1310, which is referred to in the section last quoted, provides that if the devisee dying during the life of the testator is a child or other relation of the testator his lineal descendants shall take the estate given by the will.

[4] All these sections show the unmistakable intention of the statutory law to declare that a devise or bequest shall vest at the testator's death unless some other intention is expressed in the will. This policy has been recognized and approved by the California decisions. (*Williams* v. *Williams,* 73 Cal. 99, 102 [14 Pac. 394]; *In re De Vries,* 17 Cal. App. 184, 190 [119 Pac. 109]; *Miller* v. *Oliver,* 54 Cal. App. 495, 498 [202 Pac. 168] *Estate of Campbell,* 149 Cal. 712, 717 [87 Pac. 573].) The same rule is approved in 23 R. C. L., pp. 530, 535, *Doe etc.* v. *Considine,* 6 Wall. (73 U. S.) 458, 475 [18 L. Ed. 869, see, also, Rose's U. S. Notes], and *McArthur* v. *Scott,* 113 U. S. 340, 378 [28 L. Ed. 1015, 5 Sup. Ct. Rep. 652]; 24 Am. & Eng. Ency. of Law, 2d ed., p. 382; and numerous other authorities which we deem it unnecessary to cite. It is accepted as a settled principle by such text-writers as 2 Jarman on Wills, p. 841; 2 Williams on Executors, 7th ed., p. 1344, Alexander on Wills,

sec. 996, Minor on Real Property, sec. 749, and Tiedeman on Real Property, sec. 302. It has thus become a fixed policy in the interpretation of clauses of this nature found in a will that a disposition to a class includes every person answering the description at the testator's death and that the estate vests in them as they come *in esse* though the possession is postponed to a future period.

A brief has been filed in behalf of some of the respondents in opposition to the Wagner appeal. None of the California cases cited therein is opposed to this view. *Estate of Rogers,* 94 Cal. 526 [29 Pac. 962], *Estate of Winter,* 114 Cal. 186 [45 Pac. 1603] , and *Estate of Blake,* 157 Cal. 448 [108 Pac. 287], all construed wills which made dispositions contingent upon the survival of the beneficiary at the date possession was to be transferred. The other authorities cited are of similar import or arise in jurisdictions not having statutory law such as we find in our Civil Code.

[5] After all, cited cases are of little help when the point to be determined is the intention of the testator. An examination of the entire will convinces us that the testator intended to group all his nephews and nieces on both his own and his wife's side, except those expressly excluded, into one class to be the equal objects of his benefaction. He gave his wife a life estate but declared that after her death the property should be sold and the proceeds divided between the children "benefited by this will," and repeated that after her death the proceeds should be divided "between the heirs as above specified." This language indicates a present intention to devise the remainder to the nephews and nieces specified in the will and the will must, therefore, be held to be "a testamentary disposition to a class" within the meaning of section 1337 of the Civil Code. As such the interest of the devisees would vest at the testator's death and the appellant herein would be entitled to take by right of representation of the estate of her deceased mother.

There is no dispute as to the facts involved in the proceeding and the findings of the trial court are sufficient to support a decree as prayed by this appellant.

The portion of the decree embraced in the Hazzard appeal is affirmed; the portion embraced in the Wagner appeal is

71 Cal. App.—27

reversed, with directions to the trial court to enter a decree in accordance with the views expressed herein.

Langdon, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 23, 1925.

All the Justices present concurred.