[L. A. No. 11938. In Bank.—March 25, 1931.]

In the Matter of the Estate of FREDERICK RAUSCH-ENPLAT, Deceased. ADOLPH WILHELM LOUIS GREVE et al., Appellants, v. JAMES W. STAIRS, as Executor, etc., et al., Respondents.

John Carfraie Birnie for Appellants.

H. J. Dubin for Respondents.

WASTE, C. J.—This is an appeal by the three children of Mathias Grayfe (Greve) from that portion of the decree of final distribution construing the following provision appearing in the will of Frederick Rauschenplat, deceased: "Secondly, I give, devise and bequeath all of my estate, real and personal, and wherever situate, to Wihelmina Battie, my sister, of Hamburg, Germany; to all of the living children of my deceased half-brother, Mathias Grayfe, late of Hamburg, Germany, and to Paulina Stairs, daughter of James W. Stairs, of San Luis Obispo, California, share and share alike."

The appellants maintain that it was the intention of the testator, looking at the will from all four corners,

that the estate should be distributed *per capita* as to the persons therein named, and also *per capita* as to each child living of the deceased half-brother, Mathias Grayfe. Under appellants' contention they will each receive one-fifth of the estate; whereas, under the decree of distribution, they receive but one-ninth of the decedent's property.

Appellants' interpretation of the distributive clause of the will appears to be the correct one. In *Estate of Morrison,* 138 Cal. 401 [71 Pac. 453], the residue of the estate was "to be divided between my sister, Mrs. Wann, her daughters and my brother, Edward Stettinius". Unlike the present case the Morrison will contained no express provision that such residuary beneficiaries should take the estate "share and share alike". By other provisions of the will the "daughters" were mentioned by name and each of them left a specific legacy. It was concluded in that case that it was the intention of the testator to divide the residuum of the estate equally among the four persons *per capita,* and that no class composed either of the mother and daughters, or of the two daughters, was contemplated. Regarding the construction which should be placed upon the words "share and share alike" the court said: "It is further argued by appellant that the omission to add to the residuary clause of the codicil the words 'share and share alike' shows, or tends to show, that the construction above given is wrong. It is true that in the original will that expression is used three times, including the residuary clause, and is used once in the codicil. It is quite true that the words 'share and share alike' *would have prevented discussion as to the intention of the testatrix,* but if the language used means the same thing, and especially when such meaning is clearly consistent with all its other provisions, their absence cannot justify a different construction." (Italics added.)

A will providing that the estate be divided "Among my Brothers and Sisters children and David R. Neil and Andrew Neil, also Lulu Keith, equally", was held to be a devise to the three persons last named equally with each of the nieces and nephews *per capita.* (*Neil* v. *Stuart,* 102 Kan. 242 [169 Pac. 1138].)

In *Hill* v. *Bowers,* 120 Mass. 135, the testator left the residue of his estate "to the children of my brother J . . . , and to the children of my nephew A . . . " At

the time of the testator's death there were living eight children of "J." and two of "A." It was held that each of all such children took *per capita* and not *per stirpes*.

In *Lee* v. *Lee*, 39 Barb. (N. Y.) 172, the gift of the residue was to a brother, the children of a deceased sister, and the daughter of another brother, "in equal proportions, share and share alike". It was held that each of the nieces and nephews took an equal share with the brother named as a beneficiary.

While the decisions are by no means harmonious, a fair statement of the rule appears in 2 Jarman on Wills, 6th ed., 205, where it is said: "Where a gift is to the children of several persons, whether it be to the children of A and B or to the children of A and the children of B, they take *per capita* and not *per stirpes*. The same rule applies where a devise or bequest is made to *a person and the children of another person;* or to a person described as standing in a certain relation to the testator and the children of another person standing in the same relation. . . . " (Italics ours.)

Although the names of the children of the deceased half-brother of the testator do not appear in the will, if the thought in the mind of the testator was that a certain portion of his estate should be inherited only by immediate, living representatives of his deceased half-brother, the impossibility of designating such persons by name is clearly manifest. The words of the testator that those persons designated in the will were to take his property "share and share alike" are convincing as to his intention that the children of the half-brother, along with the others, were to take *per capita* and not *per stirpes*. This conclusion finds support in the following clause of the will wherein it is stated that "should any of the beneficiaries named herein contest this my will the share so bequeathed to him or her hereby shall go to the other beneficiaries *in equal shares*". (Italics added.)

The clause in the will here under consideration is not ambiguous, and it was error for the court below to admit evidence of alleged declarations of the deceased as to how he intended disposing of his property. (*Neil* v. *Stuart, supra.*) Sections 1318 and 1340 of the Civil Code appear to be pertinent to this inquiry.

That portion of the decree of distribution appealed from is reversed, with directions to the court below to enter its decree in accordance with the views herein expressed.

Richards, J., Langdon, J., Preston, J., Shenk, J., Seawell, J., and Curtis, J., concurred.