[Civ. No. 14356. Second Dist., Div. One. Feb. 7, 1944.]

Estate of BEULAH A. CARROLL, Deceased. PEARL L. TREMPER, as Guardian, etc., Appellant, v. WALTON T. BURRES, JR., a Minor, etc. et al., Respondents.

Stanley M. Arndt for Appellant.

John R. Moore and Rutherford, Jacobs, Cavalero & Dietrich for Respondents.

DRAPEAU, J. pro tem.—The decedent left a will entirely written, dated and signed by her which is as follows:

"I, Beulah A. Carroll, being of sound and disposing mind, hereby make this my last will and testament as follows:

"I designate John H. Mathews, attorney of 814 Fidelity Building, Los Angeles, California, as my executor and direct that he be required to furnish bond.

"All the rest residue and remainder of my estate of every kind and nature and wherever situated and after the payment of all just claims and bills, I leave as follows:

"Five hundred dollars to Esther Conkle Jones of 10500 Riverside Drive, North Hollywood, California.

"My blue white solitaire diamond ring to my niece, Alvina Rodgers of R. D. 5, Box 142, Stockton, California.

"All other jewelry to go to my sister, Mrs. Pearl Louise Tremper, living at 1721 Stanford Avenue, Stockton, California.

"The remainder of my estate is to be left equally between my niece, Carole Tremper, residing at 1721 Stanford Avenue, Stockton, California, and to the sons of Walton T. Burres of 826 East Fourth Street, Stockton, California, the same to be held in trust by Walton T. Burres until the said sons shall have reached the age of twenty-one (each child to receive

his share when he reaches twenty-one years) and to be used during the period of the trust for their education.

"In the event that any of the above bequests lapse by reason of the death of the named devisee, the bequest that otherwise would have gone to the deceased devisee, had he or she lived, shall go in equal shares to the remaining devisees.

"Written and signed at Beverly Hills, California, all in my own handwriting, this twenty-second day of July, 1942."

"Beulah A. Carroll."

The three persons, the niece and the two boys, mentioned in the remainder clause are all of tender years.

The sole question in this case has to do with the determination of the shares to go to these three children. Was it the intention of the testatrix that the residue of her estate should go one-third each to her niece and to the two sons of Walton T. Burres, or was it her intention that the residue should go one-half to the niece and the other one-half to the two boys? The probate court held that the residue should be distributed in equal thirds to the three persons designated in the will. From this portion of the decree of distribution the niece has appealed.

Appellant's argument is based upon the contention that the word "between" as used in the will applies to two persons only; that the writer was a person of culture and education, and if she had desired the residue of her estate to go to more than two persons she would have used the word "among"; and that, therefore, the very language involved requires the estate to go one-half to the niece and the other one-half to the two boys. This argument is interesting and persuasive.

On the contrary, the respondent argues that the word "between" in popular usage may, and very often does, apply to more than two persons or things, and that the word "equally" qualifying the word "between" makes the construction given to the will by the probate court the only possible one that could have been given. That argument likewise is interesting and persuasive.

To ascertain the intention of a testator we must look to the terms of the will itself. Courts are not to look for "some undeclared purpose which may be imagined to have been in his mind, but the intention disclosed by the words

he has used." (*Estate of Spreckels,* 162 Cal. 559, 567 [123 P. 371]; *Estate of Young,* 123 Cal. 337 [55 P. 1011].)

When the instrument discloses the intent to give either per capita or per stirpes, the courts will give effect to such intention and there is no need to apply rules of construction. If there is a question as to the testator's intention, effect must be given to the will in accordance with rules of construction which have been declared by statute or by the courts.

The rules here to be applied are well settled by at least two California cases. The first, and most nearly similar is *Estate of Morrison,* 138 Cal. 401, 403, 404 [71 P. 453]. In that case the residue of the estate was "to be divided between my sister, Mrs. Wann, and her daughters and my brother, Edward Stettinius." Our Supreme Court held the intention of the testator was to divide the estate per capita among the four persons mentioned. In the will now under consideration the testatrix used the word "equally," while in the Morrison case the court comments upon the fact that there were no qualifying words in the will such as "Share and share alike." Concerning the weight to be given to the word "between" in determining the intention of a testator, the court observes:

"As applied to persons and things, the word 'between' primarily refers to two, though Webster gives 'among' as a synonym, and in a large number of cases the word is used in wills where a *per capita* devise or legacy was to more than two. As to the weight to be given to the word 'between,' it was said in *Haskell* v. *Sargent,* 113 Mass. 341, 343: 'The use of the word *between,* strictly implying but two parties to the division, is a slight circumstance favoring the construction to which we incline, though not of much weight in itself independently of the other considerations mentioned.' In the case at bar, the use of 'between,' in its strictly technical sense, would require that 'Mrs. Wann and her daughters' should be regarded as a class in order to make a division between two, since Edward, under such construction, must be entitled to one half the residue. 'If a gift be to A and B and their children, or to a class and their children, every individual coming within the terms of the description, as well children as parents, will take an equal proportion of the fund; that is, the distribution will be made *per capita.*' (Jar-

man on Wills, star p. 1051, and cases cited in note.) The author adds, however, that 'this mode of construction will yield to a very faint glimpse of a different intention in the context.' Here, however, no 'different intention' is apparent in the will. No bequest was made in any part of the will to Mrs. Wann and her daughters as a class. Mrs. Wann's daughters' names are Bertha von Quast and Florence Wann, now von Schwerin. In separate paragraphs the will gave to each by name a bequest of $5,000, to a nephew, Leslie Wann, $2,000, and to each of her brothers Derick and Edward Stettinius $5,000. Her brother Derick died before the codicil was executed, and his bequest was given to two of the children of her niece, Bertha von Quast, 'share and share alike.' Not only were these bequests of specific amounts to persons specifically named, but the amount given to Mrs. Wann, and to each of her daughters and her brother, was the same; and having thus given these four persons, as distinct individuals, the same amounts, we may fairly infer that in disposing of the residue she did not intend to disturb that equality, but did intend that they should share equally. Having thus treated the daughters of her sister as distinct persons, not only in the distribution of the money into which the estate was converted, but having given each of them some articles of jewelry, and such equal distribution being, at least, consistent with the language of the residuary clause of the codicil, we see no reason to change the construction given it by the court below.''

The other case establishing a rule which must be here applied is *Estate of Rauschenplat*, 212 Cal. 33, 35 [297 P. 882, 78 A.L.R. 1380]. There the testator used the following language:

''Secondly, I give, devise and bequeath all of my estate, real and personal, and wherever situate, to Wihelmina Battie, my sister, of Hamburg, Germany; to all of the living children of my deceased half-brother, Mathias Grayfe, late of Hamburg, Germany, and to Paulina Stairs, daughter of James W. Stairs, of San Luis Obispo, California, share and share alike.''

In holding that the beneficiaries were to take per capita because the testator used the words ''share and share alike,'' the Supreme Court lays down the rule to be followed:

''While the decisions are by no means harmonious, a fair

statement of the rule appears in 2 Jarman on Wills, 6th ed., 205, where it is said: 'Where a gift is to the children of several persons, whether it be to the children of A and B or to the children of A and the children of B, they take *per capita* and not *per stirpes*. The same rule applies where a devise or bequest is made *to a person and the children of another person;* or to a person described as standing in a certain relation to the testator and the children of another person standing in the same relation. . . .' '' (Emphasis included.)

That portion of the decree of distribution appealed from is affirmed.

York, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 6, 1944. Edmonds, J., and Schauer, J., voted for a hearing.