338

[Civ. No. 23927.   First Dist., Div. One.   Nov. 27, 1967.]

Estate of HAZEL WOCHOS, Deceased. RAYMOND V. COX, Plaintiff and Appellant, v. CHARLES WOCHOS et al., Defendants and Respondents.

Alfred E. Graziani and Richard C. O'Connor for Plaintiff and Appellant.

Herbert Pothier, Cerf, Robinson & Leland, Hoberg, Finger, Brown & Abramson and Ernest J. Hill for Defendants and Respondents.

MOLINARI, P. J.—Raymond Cox appeals from the judgment determining interests in the estate of Hazel Wochos. ■ Appellant's sole contention is that the trial court incorrectly construed that portion of the residuary clause of decedent's will in which she bequeathed half of the residue of her estate. Decedent's will provided that this portion of the estate should be held in trust for the benefit of her husband, Jacob J. Wochos, during his lifetime, and that upon his death it should be distributed as follows: $25,000 and $5,000 to two specifically named legatees and "The balance . . . , in equal shares, to the then living nieces and nephews of Jacob J. Wochos, and to Raymond Cox, the nephew of Hazel Wochos, or to the survivors or survivor of them, and their issue per stirpes." (Par. Fourth, subd. B (2)(c).) The trial court construed this language as unambiguously providing that the balance of the trust property distributable under this paragraph be divided equally among all persons referred to in the paragraph either by name or relationship. Judgment was entered accordingly and Cox appeals, claiming that under the subject paragraph he is entitled to one-half of the balance of the trust property and that the remaining one-half should be divided among the nieces and nephews of Jacob Wochos. We

have concluded that there is no merit to appellant's contention and that the trial court correctly interpreted the subject provision of decedent's will.

The applicable rule is stated in 2 Jarman on Wills (6th ed.) p. 205, as follows: "Where a gift to the children of several persons, whether it be to the children of A. and B., or to the children of A. and the children of B., they take per capita, not *per stirpes.* The same rule applies, where a devise or bequest is made *to a person and the children of another person*; or to a person described as standing in a certain relation to the testator, and the children of another person standing in the same relation. . . ." (Italics added.) This rule has been followed in several California cases in interpreting provisions similar to the subject provision. (*Estate of Rauschenplat,* 212 Cal. 33, 35 [297 P. 882, 78 A.L.R. 1380]; *Estate of Morrison,* 138 Cal. 401, 403-404 [71 P. 453]; *Estate of Lewis,* 91 Cal.App.2d 322, 325 [204 P.2d 898]; *Estate of Carroll,* 62 Cal.App.2d 798, 801-802 [145 P.2d 644].)

The foregoing rule is not rendered inapplicable by the fact that appellant is mentioned by name whereas the other beneficiaries are referred to as a group, nor by the circumstance that appellant is the sole representative of decedent's family whereas the other beneficiaries are representatives of the family of decedent's husband. These distinctions in the designation of the beneficiaries do not indicate an intention on the part of the decedent as to the manner of disposition of the subject property among these persons, but merely reflect a convenient way of describing the persons who are to take under the subject paragraph of the will. (See *Estate of Lewis, supra,* 91 Cal.App.2d at p. 325.)

The contention that paragraphs Fifth and Eighth negate any intention on the part of decedent to pass property in equal shares to the beneficiaries designated in the paragraph under discussion is also without merit. Paragraph Fifth, which applies in the event decedent's husband predeceases her, devises and bequeaths her property "to the same beneficiaries and in the same shares" as set forth in the provisions of paragraph Fourth in question. Paragraph Eighth, the "no contest" clause of the will, provides that the share of the contesting beneficiaries is to become part of the residue of the estate to be distributed to the beneficiaries of the residue "in the same shares and in the same manner as if such person so offending . . . had died at that time without heirs." Urging the principle of construction that all parts of

the will are to be construed in relation to each other (Prob. Code, § 103; *Estate of Ehrenfels,* 241 Cal.App.2d 215, 222 [50 Cal.Rptr. 358]; *Estate of Torregano,* 54 Cal.2d 234, 250 [5 Cal.Rptr. 137, 352 P.2d 505, 88 A.L.R.2d 597]), appellant contends that the use of the term "in the same shares" in paragraphs Fifth and Eighth and the omission of such terminology in the paragraph we are called upon to interpret indicates an intention that the persons named in the latter paragraph are not to take per capita. Although it is true that the testator's intention should be derived from the whole instrument and the entire scheme of disposition, there is nothing in the provisions of paragraphs Fifth and Eighth which is helpful in interpreting the meaning of the provisions of that portion of paragraph Fourth which is in question; nor do either of these paragraphs militate against the unambiguous provisions of the subject subdivision of paragraph Fourth. Paragraph Fifth is entirely consistent with the provisions of said subdivision of paragraph Fourth since it specifically provides that the property therein devised and bequeathed is to be distributed to the same beneficiaries and in the same shares as provided in the subject provisions of paragraph Fourth. Accordingly, it depends for its meaning upon the construction of the latter paragraph. Insofar as paragraph Eighth is concerned, it specifically provides for the persons to whom and the manner in which the estate is to be distributed in the event the beneficiaries elsewhere named in the will elect to contest its provisions. This paragraph does not come into play unless the contingency named therein takes place and therefore in no way affects the provisions of paragraph Fourth.

Finally, appellant argues that in the event we do not accept his position that decedent's will evidences an intention on the part of decedent that appellant is entitled to one-half of the trust property distributable under the subject paragraph, we should hold that the language used in that paragraph is ambiguous and remand the case in order to allow appellant the opportunity to produce extrinsic evidence to dispel such ambiguity. In response to this contention we state that the provision under discussion is not ambiguous. Accordingly, extrinsic evidence as to its meaning is inadmissible. Moreover, the record before us, which consists solely of the clerk's transcript, gives no indication that appellant offered and was refused the production of extrinsic evidence in the court below. Under the circumstances, and consistent with the

rules applicable on appellate review, we would be precluded from considering appellant's contention even if it appeared to us that it were meritorious.

The judgment is affirmed.

Sims, J., and Elkington, J., concurred.