883 F.2d 70
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Norman BLEVINS, Defendant-Appellant.
 No. 88-7616.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1989.
Decided Aug. 10, 1989.
 
 Margaret Person Currin (United States Attorney on brief), James G. Carpenter, Assistant United States Attorney, for appellee.
 William E. Martin, Federal Public Defender, Edwin C. Walker, Assistant Federal Public Defender.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, DONALD RUSSELL and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The question presented is whether the district court clearly erred in determining that appellant Norman Blevins presently suffers from a mental disease or defect as a result of which his release from confinement would create a substantial risk of bodily harm to another person or serious damage to the property of another person. We affirm.
 
 I.
 
 2
 In 1987, appellant was convicted of knowingly and willfully obstructing and retarding the United States mails, and was sentenced to five months and twenty-nine days imprisonment at the Federal Correctional Institute at Butner, North Carolina. The conviction arose from an incident in which appellant attacked a postal clerk and destroyed postal property after the postal clerk informed appellant that an expected piece of mail had failed to arrive. Approximately two weeks prior to the expiration of this sentence, the government filed in the Eastern District of North Carolina a Certificate of Mental Disease or Defect and Dangerousness. The government requested that the district court hold a hearing to determine whether appellant is currently suffering from a mental disease or defect such that his release would pose a substantial risk of injury or property damage to others. See 18 U.S.C. Sec. 4246.
 
 
 3
 The district court held a hearing on December 2, 1987. The court considered evidence from two mental health professionals. First, psychiatrist Dr. Peter Holden of Butner reported that appellant has been uncooperative, uncommunicative, and hostile with both corrections officials and medical personnel. Appellant has consistently voiced an extreme hatred of the federal government and federal officials. Appellant had threatened after arrest to return and kill the postal employee whose assault resulted in his conviction. Appellant attacked a corrections officer after making obscene remarks concerning the officer's status as a government employee. On the basis of several examinations of appellant, Dr. Holden concluded that his release would pose a substantial risk of harm, particularly to federal employees. Although he could not form a specific diagnosis of appellant's psychiatric condition, he noted that appellant's behavior was consistent with paranoid schizophrenia.
 
 
 4
 The court also considered evidence from Dr. Bob Rollins, a forensic psychiatrist. Rollins wrote:
 
 
 5
 Based on my review of records and brief contact with Mr. Blevins, it is my opinion that Mr. Blevins suffers from a serious mental disorder, probably paranoid schizophrenia. It is my opinion that his release would cause a substantial risk of harm to others. He has a mental disorder that requires hospital treatment.
 
 
 6
 App. 12.
 
 
 7
 The district court found that this evidence "establishes by clear and convincing evidence that respondent is presently suffering from a mental disease or defect, as a result of which his release would create a serious risk of bodily injury to another person or serious damage to property of another." App. 16. The district court therefore ordered that appellant remain in custody in a mental health facility.
 
 II.
 
 8
 Appellant contends that the government failed to establish by clear and convincing evidence that he met the criteria for continued confinement. An appellate court will reverse a district court's findings of fact only when they are clearly erroneous. We think it plain that the district court's finding of mental defect and substantial dangerousness did not constitute clear error. The district court's findings were based on the expert evidence of two psychiatrists, one of whom was hired by appellant. This testimony was consistent with appellant's violent behavior and statements both prior to and during his confinement at Butner. Accordingly, the judgment of the district court is hereby
 
 
 9
 AFFIRMED.